SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
TRAVIS J. ANDERSON, Cal. Bar No. 265540
tanderson@sheppardmullin.com
GABRIELLA R. ALBRIGHT, Cal. Bar No. 326201
galbright@sheppardmullin.com
12275 El Camino Real, Suite 100
San Diego, California 92130-4092
Telephone:  858.720.8900
Facsimile:  858.509.3691

Attorneys for Defendant COSTCO
WHOLESALE CORPORATION

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVA VAZQUEZ,<br><br>               Plaintiff,<br><br>     v.<br><br>COSTCO WHOLESALE<br>CORPORATION; EDDIE ROBLES, an<br>individual; ALLAN DOE an individual;<br>JULIE DOE an individual; GUS DOE<br>an individual; and DOES 1 through 100,<br><br>               Defendants. | Case No.   2:21-cv-2563<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION**<br><br>[Los Angeles Superior Court<br>Case No. 21STCV03541<br><br>Complaint Filed:    January 28, 2021<br>Trial Date:        None Set] |

TO THE UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that defendant Costco Wholesale Corporation ("Costco") hereby removes the matter of *Eva Vazquez v. Costco Wholesale Corporation, Eddie Robles, Allan Doe, Julie Doe and Gus Doe* to the United States District Court, Central District of California, on the grounds that it is a civil action wherein the amount in controversy exceeds the sum of $75,000 and is between citizens of different states.

In accordance with 28 U.S.C. section 1446(a), the following is a short and plain statement of the grounds for removal of the case and a listing of pleadings to date.

1. On January 28, 2021, plaintiff Eva Vazquez ("Plaintiff") filed a Complaint against Defendants Costco, Eddie Robles, Allan Doe, Julie Doe and Gus Doe in the Superior Court. Costco Wholesale Corporation was served with the Complaint on February 1, 2021. Neither Eddie Robles, Allan Doe, Julie Doe, nor Gus Doe were served with the Complaint. A copy of the Complaint is attached as Exhibit A to the Declaration of Travis J. Anderson. On February 2, 2021, Plaintiff filed a substitution of party naming "Alan Mar" in place of Allan Doe as a named defendant. A copy of this substitution is included in Exhibit C to the Declaration of Travis J. Anderson.

2. On March 3, 2021, Costco filed its Answer to Plaintiff's Complaint. A copy of the Answer is included in Exhibit C to the Declaration of Travis J. Anderson.

NOTICE OF REMOVAL OF CIVIL ACTION

3.      Attached as Exhibit B to the Declaration of Travis J. Anderson is a list of the Superior Court's file in this matter.

4.      Attached as Exhibit C to the Declaration of Travis J. Anderson are copies of all documents in the Superior Court's file with the exception that the Complaint is attached separately as Exhibit A.

5.      The United States District Court for the Central District of California embraces Los Angeles, the county in which this Action is brought. Therefore, the Court is a proper venue for this Action under 28 U.S.C. sections 84(c)(2) and 1441(a).

6.      *Timely Filing of Notice*.   Costco has filed this Notice pursuant to 28 U.S.C. section 1446(b) in a timely fashion, in that this Notice has been filed within 30 days of receipt of "other paper from which it may first be ascertained that the case is . . .  removable."  28 U.S.C. § 1446(b).  For purposes of this statute, Plaintiff's deposition testimony given on February 25 and 26, 2021, is considered to be an "other paper" which triggers removal.  *See Huffman v. Saul Holdings Ltd. Pshp.*, 194 F.3d 1072, 1078 (10th Cir. 1999); *Riggs v. Cont'l Baking Co.*, 678 F. Supp. 236, 238 (N.D. Cal. Feb. 9, 1988).  The transcripts of Plaintiff's deposition testimony were not received until March 9 and 11, 2021, respectively.  Because this Notice has been filed within 30 days of these dates, it is timely.

7.      *Diversity Jurisdiction*: This Court has original jurisdiction over this case pursuant to 28 U.S.C. section 1332, and removal is proper under 29 U.S.C. section 1441(a) in that:

a. For diversity purposes, a person is a "citizen" of the state in which she is domiciled. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A party's residence is prima facie evidence of his or her domicile. *See State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). Plaintiff is a citizen of the State of California. The Complaint alleges that Plaintiff is a resident of the State of California. (Complaint, ¶ 1.) In addition, plaintiff testified that since moving to the United States in 1986 (she is now a U.S. citizen), she has lived in California, and she has never lived outside of California since coming to the United States. (Ex. D to Anderson Decl. (Vazquez Depo.), 15:9-13, 377:25-378:10.)

b. Pursuant to 28 U.S.C. section 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." Costco Wholesale Corporation ("Costco") was at the time of the filing of this action and still is a citizen of the State of Washington, where it has its principal place of business and where it is incorporated. (Ex. E to Anderson Decl., ¶ 9; Rajski Decl., ¶¶ 4-5.) Costco's corporate headquarters and executive offices are located in Issaquah, Washington. (Rajski Decl., ¶ 5.) Costco's corporate policies and procedures are formulated in its corporate headquarters in Issaquah, Washington. (Rajski Decl., ¶ 5.) The "nerve center" of Costco is therefore found in Washington, not California. *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1186 (2010) ("the phrase 'principal place of business' refers to the place where the corporation's high level officers

1   direct, control, and coordinate the corporation's activities. Lower

2   federal courts have often metaphorically called that place the

3   corporation's 'nerve center.'").

4

5   c.   The citizenship of the individual named defendants Eddie

6   Robles, Alan Mar, Julie Doe and Gus Doe (collectively

7   "Individual Defendants") should be disregarded for removal

8   purposes because they are each sham defendants fraudulently

9   named by Plaintiff in this action.  *See Morris v. Princess Cruises,*

10   *Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (holding that a non-

11   diverse party (plaintiff or defendant) named in the state court

12   action may be disregarded if the federal court determines that

13   party's joinder is a "sham" or "fraudulent" so that no possible

14   cause of action has been stated against that party); *McCabe v.*

15   *Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)

16   ("Fraudulent joinder is a term of art. If the plaintiff fails to state a

17   cause of action against a resident defendant, and the failure is

18   obvious according to the settled rules of the state, the joinder of

19   the resident defendant is fraudulent.").

20

21   d.   The Individual Defendants are fraudulently joined and are sham

22   defendants because Plaintiff's deposition testimony on February

23   25 and 26, 2021 makes clear that she cannot maintain the single

24   cause of action she has pled against them.  Specifically,

25   Plaintiff's first cause of action for "actual/perceived disability

26   harassment in employment" pursuant to California Government

27   Code section 12940, *et. seq.*, fails against each of the Individual

28   Defendants because Plaintiff's testimony establishes that none of

-4-

them engaged in "severe or pervasive" unwelcome conduct or abusive conduct against her in any way related to her alleged disability. *See Fisher v. San Pedro Peninsula Hosp.*, 214 Cal. App. 3d 590 (1989) (setting forth elements of a disability harassment claim); *Faragher v. City of Boca Raton*, 524 U.S. 775, 786-88 (1998) (conduct must be sufficiently extreme so as "to amount to a change in the terms and conditions of employment."); *Mokler v. County of Orange*, 157 Cal. App. 4th 121, 145 (2007) ("Simple teasing, offhand comments, and isolated incidents" are insufficient as a matter of law to state a claim for harassment).  Plaintiff's testimony is summarized below as to each Individual Defendant:

(1)     <u>Defendant Eddie Robles</u>: At deposition, Plaintiff was asked to detail every interaction with Robles that in any way related to her disability.  (Ex. D to Anderson Decl. (Vazquez Depo.), 233:3-241:15.)  Plaintiff attested to one, possibly two interactions, during which Robles discussed the restrictions in her doctor's note, stated that those restrictions prevented her from doing the job, and that her restrictions would need to change in order for her to resume the job.  (Ex. D to Anderson Decl. (Vazquez Depo.), 233:3-234:15.)  Plaintiff further testified that Robles said it was not fair to other coworkers to have to do her work because she was unable to lift items.  (Ex. D to Anderson Decl. (Vazquez Depo.), 234:16-236:7.)  Plaintiff testified that Robles never made fun of her, or called her names.  (Ex. D to Anderson Decl. (Vazquez Depo.),

-5-

236:10-23.)  Plaintiff could recall no other interactions with Robles.  (Ex. D to Anderson Decl. (Vazquez Depo.), 68:23-69:11, 240:4-241:3.)

(2)  <u>Defendant Alan Mar</u>:  At deposition, Plaintiff was asked to detail every interaction with Mar that in any way related to her disability.  (Ex. D to Anderson Decl. (Vazquez Depo.), 241:18-249:8.)  Plaintiff attested to a single meeting, during which Mar repeated that Plaintiff's work restrictions precluded her from performing certain job functions.  (Ex. D to Anderson Decl. (Vazquez Depo.), 241:4-243:18.)  According to Plaintiff, Mar further stated that he wished he could help her, and asked another Costco employee to help Plaintiff apply to the Employment Development Department for disability benefits.  (Ex. D to Anderson Decl. (Vazquez Depo.), 243:19-245:19.)  Plaintiff attested that Mar was "nice" and "encouraging" throughout the meeting, and that Mar never teased her or made fun of her.  (Ex. D to Anderson Decl. (Vazquez Depo.), 246:20-247:8, 249:5-8.)  Plaintiff recalled no other interactions with respect to Mar.  (Ex. D to Anderson Decl. (Vazquez Depo.), 69, 247:9-248:18.)

(3)  <u>Defendant Julie Doe</u>:  At deposition, Plaintiff was asked to detail every interaction with Julie Doe that in any way related to her disability.  (Ex. D to Anderson Decl. (Vazquez Depo.), 200:13-212:11, 232:9-19.)  Plaintiff testified to three conversations with Julie Doe, and

-6-

1  confirmed that during each and every interaction, Julie
2  Doe was polite, not mean.  (Ex. D to Anderson Decl.
3  (Vazquez Depo.), 202:20-24, 205:4-207:15, 207:16-
4  208:17.)  Plaintiff testified that Julie Doe specifically said
5  that Plaintiff "had to return with [her] doctor and show her
6  the doctor's note."  (Ex. D to Anderson Decl. (Vazquez
7  Depo.), 200:22-202:19.)  Plaintiff testified that Julie Doe
8  further said, "I needed to go to my doctor to show it to
9  him," and "[Julie Doe] told me that I needed to go to my
10  doctor so he could remove the disability in case I wanted
11  to work."  (Ex. D to Anderson Decl. (Vazquez Depo.),
12  205:8-15.)  Plaintiff further testified that on one occasion,
13  Julie Doe saw Plaintiff grabbing her back in distress, and
14  asked her "what's wrong" and, when Plaintiff replied that
15  her back hurt, Julie Doe had asked Plaintiff whether she
16  had told her managers.  (Ex. D to Anderson Decl.
17  (Vazquez Depo.), 207:16-208:17.)  Plaintiff recalled no
18  other interactions with Julie Doe.  (Ex. D to Anderson
19  Decl. (Vazquez Depo.), 70:9-17, 210:4-8, 232:9-19.)

20
21  (4)  Defendant Gus Doe:  At deposition, Plaintiff was asked to
22  detail every interaction with Gus Doe that in any way
23  related to her disability.  (Ex. D to Anderson Decl.
24  (Vazquez Depo.), 183:12-199:7.)  Plaintiff testified to
25  three interactions with Gus Doe, and confirmed that Gus
26  Doe never acted mean or made fun of her during any of
27  these interactions.  (Ex. D to Anderson Decl. (Vazquez
28  Depo.), 184:12-187:10, 192:25-194:12, 194:19-195:7.)  In

1   the first interaction, Plaintiff had no recollection of what
2   Gus Doe said or did, only that she had shared with him
3   some information about her disability.  (Ex. D to Anderson
4   Decl. (Vazquez Depo.), 183:12-25.)  In the second
5   interaction, Plaintiff approached Gus Doe and told him she
6   could not work because of her disability, and in response
7   Gus Doe said "if I didn't have a doctor's note he couldn't
8   do anything."  (Ex. D to Anderson Decl. (Vazquez Depo.),
9   184:12-187:10.)  On the third occasion, Gus Doe asked her
10  if she was going to provide a new doctor's note regarding
11  her work restrictions, because her existing one was about
12  to expire.  (Ex. D. to Anderson Decl. (Vazquez Depo.),
13  192:25-194:12.) She replied that she was working on it, to
14  which Gus Doe gave her a "two thumbs up" sign.  (Ex. D
15  to Anderson Decl. (Vazquez Depo.),192:25-194:12.)
16  These were all of the interactions Plaintiff had with Gus
17  Doe relating to her disability.  (Ex. D to Anderson Decl.
18  (Vazquez Depo.), 198:23-199:1.)

19

20      e.   Plaintiff's testimony as to each of the Individual Defendants
21           depicts polite communications in the course of routine personnel
22           actions.  This conduct cannot give rise to a harassment claim.
23           *See Janken v. GM Hughes Electronics*, 46 Cal. App. 4th 55, 64-
24           65 (1996) ("commonly necessary personnel management
25           actions" such as firing, work assignments, evaluations, and the
26           like "do not come within the meaning of harassment" which by
27           contrast "consists of actions outside the scope of job duties
28           which are not of a type necessary to carry out the duties of

-8-

business and personnel management."); *Duran v. DHL Express (USA), Inc.*, 2016 U.S. Dist. LEXIS 23331 at *19-20 (C.D. Cal. 2016) (failure to accommodate plaintiff's disability and repeated questions about underlying condition deemed to be "general personnel management," insufficient to prove harassment).

f.   Where, as here, the record evidences demonstrates that there is no basis for liability against the Individual Defendants, they are deemed sham defendants and the Court may disregard their citizenship for purposes of determining removal jurisdiction. *Wilson v. Walt Disney Co.*, No. LA CV13-03388 JAK (SHx), 2013 WL 12146125, at *6 (C.D. Cal. Aug. 1, 2013) (when evidence clearly shows there is no basis for liability, the Court may disregard a non-diverse party as a sham defendant); *Ferrigno v. Philips Elecs. N. Am. Corp.*, No. C-09-03085 RMW, 2009 WL 10692955 (N.D. Cal. Nov. 5, 2009) (denying plaintiff's motion to remand where plaintiff cannot state a claim against sham defendant for harassment); *Chhabra v. Devry Univ., Inc.*, No. CV 15-03857 DDP (FFMx), 2016 WL 406961, at *1–2 (C.D. Cal. Feb. 2, 2016) (ordering plaintiff to show cause why individual defendants were not fraudulently joined, and ultimately denying plaintiff's motion to remand, where plaintiff had admitted in his deposition that he had no facts to support his claims for defamation and infliction of emotional distress).

g.   The citizenship of defendants sued under fictitious names is disregarded for purposes of removal.  *See* 28 U.S.C. § 1441(a).

NOTICE OF REMOVAL OF CIVIL ACTION

h.   Although Plaintiff does not pray for a specific dollar amount, the Complaint pleads claims for harassment under FEHA, as well as claims for disability discrimination, and retaliation.  Assuming that Plaintiff's suit is successful, the amount in controversy requirement is clearly met.  *See Jackson v. Am. Bankers Ins. Co.*, 976 F.Supp. 1450, 1454 (S.D. Ala. 1997) ("[t]he appropriate measure [of the amount in controversy] is the litigation value of the case *assuming* that the allegations of the complaint are true and *assuming a jury returns a verdict for the plaintiff on all claims made in the complaint*") (emphasis added); *Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (amount in controversy is based on assumption that plaintiff prevails on all claims).

i.   Specifically, Plaintiff prays for the following:

(1)   Lost earnings (prayer in Complaint, ¶ 164, line 10). Plaintiff alleges lost earnings at the very least from March 4, 2020 to present day as of March 24, 2021 – the alleged period that Plaintiff alleges she was willing and able to work but not provided work by Defendant.  (Complaint, ¶¶ 14, 24, 36, 44, 55, 63, 77, 88, 99, 110, 125, 132, and 159.)  Plaintiff worked up to full time, eight hours a day, and her hourly rate as of March 2, 2020 was $24.50 an hour.  (Rajski Decl., ¶ 3.)  This translates into approximately $50,960 per year.  (Anderson Decl. ¶ 7.) Assuming that plaintiff prevailed at trial within one year of her filing of the Complaint, that is approximately January

-10-

28, 2022, Plaintiff would potentially be entitled to 23 months of back wages by then, or $98,000 in backpay. (Anderson Decl., ¶ 7.)  *See also Parker v. Twentieth Century-Fox Film Corp.*, 3 Cal. 3d 176, 181 (1970) (under FEHA, prevailing plaintiffs are entitled to backpay in the amount they would have received absent the termination). Plaintiff has also asked for interest on these wages (prayer in Complaint, ¶ 164, line 12.)

(2)   Compensation for mental and emotional distress (Complaint, ¶¶ 25, 45, 64, 89, 111, 131, 314, 317, 157, and 160.)  *See* Cal. Gov't Code § 12970 (emotional distress damages recoverable under FEHA).

(3)   Punitive damages (Complaint, ¶ 161.)  *See Weeks v. Baker & McKenzie*, 63 Cal. App. 4th 1128, 1147-48 (1998) (punitive damages recoverable under FEHA actions); *Anthony v. Sec. Pac. Fin. Servs.*, 75 F.3d 311, 315 (7th Cir. 1996) (punitive damages factored into amount in controversy if they are recoverable under state law).

(4)   Attorneys' fees (prayer in Complaint, ¶ 164, lines 15-16, and 19-20; Complaint, ¶¶ 26, 27, 46, 47, 65, 66, 90, 91, 112, 113, 134, 135, 306, 319, 320, 162, and 163.)  *See* Cal. Gov't Code § 12965(b) (authorizing courts to award attorneys' fees in FEHA actions); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155 (9th Cir. 1998) (where

-11-

attorneys' fees are allowed by statute, they are considered as part of the amount in controversy calculus).

j.    The undersigned counsel has defended numerous claims for alleged discrimination against corporate employers, including claims alleging disability discrimination.  (*See* Anderson Dec. at ¶ 8.)  Based on that experience, discovery and settlement discussions consistently reveal that a typical claim in an action such as this regularly exceeds $75,000, especially when the plaintiff seeks to recover attorneys' fees, as in this case. (*See* Anderson Dec. at ¶ 8.)

k.    Based on both Plaintiff's actual prayer for relief and the undersigned counsel's previous experience, Costco is informed and believes that the amount in controversy exceeds $75,000. *See White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003) ("the lengthy list of compensatory and punitive damages sought by [the plaintiff], when combined with attorney's fees, demonstrated that the amount in controversy exceeded $75,000").

-12-

1 | DATED:  March 24, 2021

2 | SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

3

4 | By _____

5 | TRAVIS J. ANDERSON
6 | GABRIELLA R. ALBRIGHT

7 | Attorneys for Defendant
8 | COSTCO WHOLESALE CORPORATION

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-13-

PROOF OF SERVICE

**Eva Vazquez v. Costco Wholesale Corporation, et al.**
**Case No.** _____2:21-cv-2563_____

STATE OF CALIFORNIA, COUNTY OF SAN DIEGO

At the time of service, I was over 18 years of age and **not a party to this action**.  I am employed in the County of San Diego, State of California.  My business address is 12275 El Camino Real, Suite 100, San Diego, CA 92130-4092.

On March 24, 2021, I served true copies of the following document(s) described as **NOTICE OF REMOVAL OF CIVIL ACTION** on the interested parties in this action as follows:

**SERVICE LIST**

| | |
|---|---|
| Adam Reisner, Esq. | Attorneys for Plaintiff |
| Tessa King, Esq. | EVA VAZQUEZ |
| Travis Beck, Esq. | |
| Reisner & King LLP | |
| 15303 Ventura Blvd., Suite 1260 | |
| Sherman Oaks, CA  91403 | |
| adam@reisnerlaw.com | |
| tessa@reisnerlaw.com | |
| travis@reisnerlaw.com | |

☐   **BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with the firm's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.  I am a resident or employed in the county where the mailing occurred.

☐   ***COURTESY COPY*** **BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from e-mail address jejackson@sheppardmullin.com to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on March 24, 2021, at San Diego, California.

_____
Janet E. Jackson