EXHIBIT A

21STCV03541

ctronically FILED by Superior Court of California, County of Los Angeles on 01/29/2021 12:00 PM Sherri R. Carter, Executive Officer/Clerk of Court, by H. Flores-Hernandez, Deputy Clerk

1  ADAM REISNER, ESQ., (State Bar No. 204351)
   TESSA KING, ESQ., (State Bar No. 251408)
2  TRAVIS BECK, ESQ., (State Bar No. PENDING)
   **REISNER & KING LLP**
3  15303 Ventura Blvd., Suite 1260
   Sherman Oaks, California 91403
4  Phone: (818) 981-0901
   Fax:   (818) 981-0902
5  Attorneys for PLAINTIFF **EVA VAZQUEZ**

6

7  ### SUPERIOR COURT OF THE STATE OF CALIFORNIA

8  ### FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| 9  EVA VAZQUEZ, | Case No.:  21STCV03541 |
| 10       Plaintiff, | **COMPLAINT FOR DAMAGES:** |
| 11   vs. | **(1)  ACTUAL/PERCEIVED DISABILITY HARASSMENT, VIOLATION OF CAL. GOV. CODE §§ 12940 ET SEQ.;** |
| 12  COSTCO WHOLESALE CORPORATION; | |
| 13  EDDIE ROBLES, an individual; | **(2)  ACTUAL/PERCEIVED DISABILITY DISCRIMINATION, VIOLATION OF CAL. GOV. CODE §§ 12940 ET SEQ.;** |
| 14  ALLAN DOE an individual; JULIE DOE an individual; | |
| 15  GUS DOE an individual; and DOES 1 through 100, | **(3)  ACTUAL/PERCEIVED DISABILITY RETALIATION, VIOLATION OF CAL. GOV. CODE §§ 12940 ET SEQ.;** |
| 16       Defendants. | |
| 17 | **(4)  FAILURE TO ENGAGE IN THE MANDATORY GOOD-FAITH INTERACTIVE PROCESS, CAL. GOV. CODE § 12940 ET SEQ.;** |
| 18 | |
| 19 | **(5)  FAILURE TO ACCOMMODATE, CAL. GOV. CODE § 12940 ET SEQ.;** |
| 20 | |
| 21 | **(6)  VIOLATION OF CAL. FAMILY RIGHTS ACT, CAL. GOV. CODE §§ 12945 ET SEQ.;** |
| 22 | |
| 23 | **(7)  WHISTLEBLOWER VIOLATIONS, CAL. LABOR CODE § 1102.5;** |
| 24 | |
| 25 | **(8)  RETALIATION IN VIOLATION OF PUBLIC POLICY.** |
| 26 | |
| 27 | **JURY TRIAL DEMANDED** |

1

**COMPLAINT FOR DAMAGES**

COMES NOW PLAINTIFF EVA VAZQUEZ (hereinafter referred to as "Vazquez" or "Plaintiff") and complains against the above-named Defendants and for causes of action against the Defendants, and each of them, as follows:

## I.

### FIRST CAUSE OF ACTION

#### For Actual/Perceived Disability Harassment in Employment

#### [California Government Code § 12940 et. seq.]

#### Against All Defendants & DOES 1 Through 100, Inclusive

1.     At all times mentioned herein, Plaintiff was, and now is, an individual domiciled in the County of Los Angeles, State of California.

2.     Plaintiff is informed and believes, and thereon alleges that at all times relevant herein, Defendant COSTCO WHOLESALE CORPORATION (hereinafter referred to as "Costco") was, and now is, a valid businesses and/or government entities and/or a political subdivisions thereof of form unknown duly organized and existing under the laws of the State of California, having their principal places of business in the County of Los Angeles, State of California. At all times relevant to this action, Defendant Costco was an employer of Plaintiff.

3.     Plaintiff is informed and believes, and thereon alleges that at all times relevant herein, Defendant EDDIE ROBLES (hereinafter "Eddie Robles" and collectively with all other Defendants as "Defendants"), was, and now is, an individual domiciled in the County of Los Angeles, and was a Manager, Officer, Shareholder, Director, Supervisor, Manager, Managing Agent, Owner, Principal, and/or Employee of Defendant Costco and/or DOES 1 through 100, and each of them.

4.     Plaintiff is informed and believes, and thereon alleges that at all times relevant herein, Defendant ALLAN DOE (hereinafter "Allan Doe" and collectively with all other Defendants as "Defendants"), was, and now is, an individual domiciled in the County of Los Angeles, and was a Manager, Officer, Shareholder, Director, Supervisor, Manager, Managing Agent, Owner, Principal, and/or Employee of Defendant Costco and/or DOES 1 through 100, and each of them.

5.     Plaintiff is informed and believes, and thereon alleges that at all times relevant herein, Defendant JULIE DOE (hereinafter "Julie Doe and collectively with all other Defendants as

**COMPLAINT FOR DAMAGES**

1  "Defendants"), was, and now is, an individual domiciled in the County of Los Angeles, and was

2  a Manager, Officer, Shareholder, Director, Supervisor, Manager, Managing Agent, Owner,

3  Principal, and/or Employee of Defendant Costco and/or DOES 1 through 100, and each of them.

4  6.      Plaintiff is informed and believes, and thereon alleges that at all times relevant herein,

5  Defendant GUS DOE (hereinafter "Doe" and collectively with all other Defendants as

6  "Defendants"), was, and now is, an individual domiciled in the County of Los Angeles, and was

7  a Manager, Officer, Shareholder, Director, Supervisor, Manager, Managing Agent, Owner,

8  Principal, and/or Employee of Defendant Costco and/or DOES 1 through 100, and each of them.

9  7.      Plaintiff is ignorant of the true names and capacities, whether corporate, associate,

10  individual, or otherwise, of Defendants sued herein as DOES 1 - 100, inclusive, and therefore

11  sues said Defendants by such fictitious names. Plaintiff will seek leave of Court to amend this

12  Complaint to assert the true names and capacities of the fictitiously named Defendants when the

13  same have been ascertained. Plaintiff is informed and believes, and thereon alleges, that each

14  Defendant designated as "DOES" herein is legally responsible for the events, happenings, acts,

15  occurrences, indebtedness, damages and liabilities hereinafter alleged and caused injuries and

16  damages proximately thereby to the Plaintiff, as hereinafter alleged.

17  8.      Plaintiff is informed and believes and thereon alleges that each of the Defendants named

18  herein has, at all times relevant to this action, been the officer, agent, employee and/or

19  representative of the remaining Defendants and has acted within the course and scope of such

20  agency and employment, and with the permission and consent of the co-defendants.

21  9.      Plaintiff has been an employee of Costco for approximately twenty years, beginning in or

22  around February 2001 until the present, and continuing, as a Front-End Assistant.

23  10.     At all times relevant herein, has been an employee disabled by a severe and debilitating

24  disability, including back and feet disabilities, among other related conditions and/or disabilities,

25  Plaintiff is a member of a protected class pursuant to the Fair Employment & Housing Act.

26  11.     At all times relevant herein, Plaintiff has been an actual, perceived, and/or potentially

27  disabled person within the meaning of Cal. Gov. Code §§ 12926.1(b) et seq., because Plaintiff

28  was a person with an actual, perceived, potentially disabling, and/or potentially disabling in the

EXHIBIT A, PAGE 6

future physical/mental disability(s) including, but not limited to: foot and knee disabilities, among other related conditions and/or disabilities.

12.    Plaintiff's impairments affect Plaintiff's musculoskeletal body system and ability to perform major life activities, such as working.

13.    At all times relevant herein, Plaintiff was able to perform the essential functions of Plaintiff's job either with and/or without reasonable accommodations.

14.    On a severe and/or pervasive basis during Plaintiff's employment with Defendants Costco, and continuing through January 20, 2021, and continuing, Defendants, and DOES 1 through 100, and each of them, harassed Plaintiff due to and substantially motivated by Plaintiff's actual/perceived disabilities under the totality of the circumstances, need for accommodations, and/or need for protected finite medical leave creating a hostile work environment, through the following actions, among others:

    a)    In August 2019, Plaintiff sustained disabilities to her feet and proceeded to take legally protected medical leave until October 2019.

    b)    After returning to work, while expressing anger and frustration, Defendant Gus Doe began to purposefully ignore and distance himself from Plaintiff as well leer and stare at her on a severe and/or pervasive basis due in substantial part to Plaintiff's disabilities.

    c)    Subsequently, in or around November 2019, Plaintiff took further legally protected medical leave to after suffering disabilities to her hips and returned approximately three weeks later with a restriction of no sweeping; Plaintiff was able to work with these restrictions.

    d)    Manager Brenda Doe, on a severe and/or pervasive basis would demean and swear at Plaintiff, saying comments like, "What the fuck are you doing" and "stop picking the smallest fucking broom," among other similar comments due in substantial part to Plaintiff's disabilities.

    e)    Furthermore, despite having knowledge of Plaintiff's disabilities, Manager Brenda Doe would consistently assign Plaintiff heavy work, even though Plaintiff complained that work was too hard on her disabilities.

4

**EXHIBIT A, PAGE 7**

f)      Moreover, Manager Brenda Doe, would consistently demand to see Plaintiff's doctor's notes and state, "without a doctor's note, it does not matter if your back hurts."

g)      Plaintiff discussed her sweeping restriction in or around January 2020 with Human Resources Representative, Defendant Julie Doe.

h)      However, rather than engage in the good faith interactive process and assess the nature and extent of Plaintiff's disabilities, Defendant Gus Doe angrily questioned her restrictions and stated: "Why can't you sweep? You have restrictions for sweeping?" among other similar comments.

i)      Thereafter, Plaintiff attempted to transfer to the optical department but was denied by Defendant Robles who stated she needed a special license, which is untrue. Plaintiff was aware of at least three individuals working in Optical without the license.

j)      Moreover, on or about February 15, 2020, Defendants called Plaintiff into a meeting and unlawfully tried to coerce Plaintiff to remove her restrictions by her doctor, insisting she be 100% healed to work her job.

k)      During the meeting, Defendant Robles threateningly told Plaintiff, "You need to take this paper to the doctor and show him this paper, if you want to work, you need to have the restrictions removed. [It] is not fair for other people to do their day-to-day tasks and that you need assistance or are exempt from certain tasks due to your restrictions."

l)      Moreover, Defendant Allan Doe followed up by stating, "We have no job for you because you have restrictions. Go have your restrictions removed."

m)      On or about March 2, 2020, Plaintiff took protected legal action by wearing a mask and gloves at work in light of the COVID-19 pandemic, which was recommended by her doctor due to her weak immune system.

n)      Defendant Gus Doe berated Plaintiff for wearing a mask and gloves by stating, "Are you sick? No. Then you can't wear a mask. The only people allowed to wear a mask are the sick people." Defendant Gus Doe refused to allow Plaintiff to wear the mask in response to the Plaintiff stating, "I need it for my health, my defenses are slow."

o)      Plaintiff was forced out on leave of absence beginning March 3, 2020, when Defendants falsely determined that she was unable to perform the essential functions of a Front-End Assistant, even though she was able to work with reasonable accommodations

5

including working the doors, performing stock, re-wrapping items, folding clothes, and walking to check the refrigerators.

p)      Furthermore, even though all Plaintiffs supervisors were happy with her work, Defendant Allan Doe told Plaintiff that there was no job for her at this Costco because of her restrictions and when Plaintiff mentioned the reasonable accommodations she could still do, such as working the doors, Defendant Allan Doe stated she would have to push carts despite never pushing carts previously.

q)      Despite Plaintiffs ability to continue working with the same reasonable accommodations as she had been since January 2020, Plaintiff was forced out on leave indefinitely by Defendants, due in substantial part to her disabilities and need for accommodation.

r)      Defendants concluded the March 3, 2020, meeting by stating, "you are not terminated but you cannot come back to work at this Costco. If you change/modify the restrictions, maybe we can bring you back at this store."

s)      At least through January 20, 2021 and continuing, Defendants failed and/or refused to investigate Plaintiff's complaints and take appropriate remedial actions.

15.    In doing the acts alleged herein, Defendants, and DOES 1 through 100, and each of them, were substantially motivated by Plaintiff's actual/perceived disabilities, need for accommodations, and/or need for legally protected finite medical leave.

16.    A reasonable person in Plaintiff's circumstances would have considered the work environment to be hostile or abusive.

17.    Plaintiff considered the work environment to be hostile or abusive towards Plaintiff.

18.    At all times relevant herein, Plaintiff believes and further alleges that Defendants and/or DOES 1 through 100 and/or its agents/representatives failed to timely, properly, and/or completely investigate the harassment Plaintiff was routinely subjected to and ratified and condoned the unlawful behavior.

19.    The acts and conduct of Defendants, and DOES 1 through 100, and each of them, as aforesaid, were in violation of Cal. Government Code §§ 12940 et seq. Said statutes impose certain duties upon Defendants concerning harassment against persons, such as Plaintiff, on the

6

**COMPLAINT FOR DAMAGES**

basis of actual/perceived disabilities and the prohibition of actual/perceived disability harassment. Said statutes were intended to prevent the type of disability and damage herein set forth.

20.    By the acts and conduct described above, Defendants, and DOES 1 through 100, and each of them, in violation of said statutes, knew about, or should have known about, and failed to investigate and/or properly investigate, prevent or remedy the disability harassment.

21.    Prior to the initiation of this lawsuit, Plaintiff filed a timely complaint against each named Defendant with the DFEH pursuant to Cal. Government Code § 12900 et seq. and has received Right-to-Sue notices in a California Superior Court pursuant to California Government Code § 12965(b). Attached hereto and incorporated herein as Exhibit "A" are said Complaints and by reference hereto are made a part hereof. Attached hereto and incorporated herein as Exhibit "B" are said Right-to-Sue notices and by reference hereto are made a part hereof. Plaintiff has therefore exhausted Plaintiff's administrative remedies under the California Government Code.

22.    As a direct and legal result of the acts and omissions of Defendants, and DOES 1 through 100, Plaintiff was rendered sick, sore, lame, disabled and/or disordered, both internally and/or externally, and/or suffered, among other things, numerous internal injuries, severe fright, shock, pain, discomfort and/or anxiety.

23.    As a further legal result of the acts and omissions of Defendants, and DOES 1 through 100, Plaintiff has been forced and/or will be forced to incur expenses for medical care, X-rays, and/or laboratory costs during the period of Plaintiff's disability, and/or is informed and believes, and thereon alleges, that Plaintiff will in the future be forced to incur additional expenses of the same nature, all in an amount which is at present unknown. Plaintiff will pray leave of court to show the exact amount of said expenses at the time of trial.

24.    Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but since said incidents has been unable to engage fully and/or partially in Plaintiff's occupation, and is informed and believes, and thereon alleges, that Plaintiff will be fully and/or partially incapacitated and/or unable to perform Plaintiff's usual work for an indefinite period of time in

**EXHIBIT A, PAGE 10**

the future, all to Plaintiff's damage in an amount which is at present unascertained. Plaintiff will pray leave of court to show the total amount of loss of earnings at the time of trial.

25.   As a further direct and legal result of the acts and conduct of Defendants, and DOES 1 through 100, Plaintiff has been caused, and did suffer, and continues to suffer severe and permanent emotional and/or mental distress and/or anguish, humiliation, embarrassment, fright, shock, pain, discomfort and/or anxiety. The exact nature and extent of said injuries is presently unknown to Plaintiff, who will pray leave of court to assert the same when they are ascertained.

26.   By the aforesaid acts and conduct of Defendants, and DOES 1 through 100, Plaintiff has been directly and legally caused to suffer actual damages pursuant to California Civil Code § 3333 including, but not limited to, loss of earnings and future earning capacity, medical and related expenses for care and procedures both now and in the future, attorneys' fees, and other pecuniary loss not presently ascertained, for which Plaintiff will seek leave of court to amend when ascertained.

27.   As a result of the harassing acts of Defendants and DOES 1 through 100, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically provided in California Government Code § 12965(b).

28.   The FEHA also provides remedies, including but not limited to, declaratory and injunctive relief. As such, Plaintiff is entitled to both declaratory and injunctive relief as a result of Defendants' unlawful conduct.

Plaintiff has been damaged in an amount within the jurisdictional limits of this Court.

## II.

## SECOND CAUSE OF ACTION

### For Actual/Perceived Disability Discrimination in Employment

### [California Government Code § 12940 et. seq.]

### Against Defendant Costco & DOES 1 Through 100, Only

29.   Plaintiff incorporates herein by reference and re-alleges each and every paragraph in this Complaint as though duly set forth in full herein.

30.     At all times relevant herein, Plaintiff was an actual, perceived, and/or potentially disabled person within the meaning of Cal. Gov. Code §§ 12926.1(b) et seq., because Plaintiff was a person with an actual, perceived, potentially disabling, and/or potentially disabling in the future physical/mental disability(s) including, but not limited to: back disabilities, depression and anxiety, among other related conditions and/or disabilities.

31.     At all times relevant herein, Defendants Costco had notice of Plaintiff's disabilities and/or need for accommodations. For example, Plaintiff notified her supervisors and managers, as well as the Human Resources Department, of her disabilities and requested reasonable accommodations.

32.     Plaintiff's impairments affect her musculoskeletal body system and ability to perform major life activities, such as working.

33.     At all times relevant herein, as an employee disabled by a severe and debilitating disability, Plaintiff was a member of a protected class.

34.     At all times relevant herein, Plaintiff was qualified for and/or competently performed the position(s) held throughout her employment with Defendant Costco.

35.     At all times relevant herein, Plaintiff was able to perform the essential functions of her job either with and/or without reasonable accommodations.

36.     Starting during Plaintiff's employment, and continuing through the present date, and continuing, as a result of and substantially motivated by Plaintiff's actual/perceived disabilities, need for accommodations, and/or need for protected finite leave, Defendants and DOES 1 through 100, and each of them, subjected Plaintiff to discriminatory treatment and/or adverse employment actions under the totality of the circumstances, including the following actions, among others:

    a)     In August 2019, Plaintiff sustained disabilities to her feet and proceeded to take legally protected medical leave until October 2019.

    b)     After returning to work, while expressing anger and frustration, Defendant Gus Doe began to purposefully ignore and distance himself from Plaintiff as well leer and

9

**COMPLAINT FOR DAMAGES**

stare at her on a severe and/or pervasive basis, thereby directly evidencing discriminatory animus towards Plaintiffs actual/perceived disabilities.

c)      Subsequently, in or around November 2019, Plaintiff took further legally protected medical leave to after suffering disabilities to her hips and returned approximately three weeks later with a restriction of no sweeping; Plaintiff was able to work with these restrictions.

d)      Manager Brenda Doe, on a severe and/or pervasive basis would demean and swear at Plaintiff, saying comments like, "what the fuck are you doing" and "stop picking the smallest fucking broom," among other similar comments. This is direct evidence of discriminatory animus.

e)      Furthermore, despite having knowledge of Plaintiff's disabilities, Manager Brenda Doe would consistently assign Plaintiff heavy work, even though Plaintiff complained that work was too hard on her disabilities, thereby directly evidencing discriminatory animus.

f)      Moreover, Manager Brenda Doe, would consistently demand to see Plaintiff's doctor's notes and state, "without a doctor's note, it does not matter if your back hurts," thereby directly evidencing discriminatory animus.

g)      Plaintiff discussed her sweeping restriction in or around January 2020 with Human Resources Representative, Defendant Julie Doe.

h)      However, rather than engage in the good faith interactive process and assess the nature and extent of Plaintiff's disabilities, Defendant Gus Doe angrily questioned her restrictions and stated: "Why can't you sweep? You have restrictions for sweeping?" among other similar comments, thereby directly evidencing discriminatory animus.

i)      Thereafter, Plaintiff attempted to transfer to the optical department but was denied by Defendant Robles who stated she needed a special license, which is untrue. Plaintiff was aware of at least three individuals working in Optical without the license, thereby evidencing Defendants discriminatory animus.

j)      Moreover, on or about February 15, 2020, Defendants called Plaintiff into a meeting and unlawfully tried to coerce Plaintiff to get her restrictions modified by her doctor to be in full compliance with the job, insisting she be 100% healed to work her

job. This 100% healed policy is failure to accommodate and patent disability discrimination.

k)      During the meeting, Defendant Robles threateningly told Plaintiff, "You need to take this paper to the doctor and show him this paper, if you want to work, you need to have the restrictions removed. [It] is not fair for other people to do their day-to-day tasks and that you need assistance or are exempt from certain tasks due to your restrictions," thereby directly evidencing discriminatory animus.

l)      Moreover, Defendant Allan Doe followed up by stating, "We have no job for you because you have restrictions. Go have your restrictions removed," further directly evidencing discriminatory animus.

m)      On or about March 2, 2020, Plaintiff took protected legal action by wearing a mask and gloves at work in light of the COVID-19 pandemic, which was recommended by her doctor due to her weak immune system.

n)      Defendant Gus Doe berated Plaintiff for wearing a mask and gloves by stating, "Are you sick? No. Then you can't wear a mask. The only people allowed to wear a mask are the sick people." Defendant Gus Doe refused to allow Plaintiff to wear the mask in response to the Plaintiff stating, "I need it for my health, my defenses are slow," thereby directly evidencing discriminatory animus.

o)      Plaintiff was forced out on leave of absence beginning March 3, 2020, when Defendants falsely determined that she was unable to perform the essential functions of a Front-End Assistant, even though she was able to work with reasonable accommodations including working the doors, performing stock, re-wrapping items, re-wrapping items, folding clothes, and walking to check the refrigerators.

p)      Furthermore, even though all Plaintiffs supervisors were happy with her work, Defendant Allan Doe told Plaintiff that there was no job for her at this Costco because of her restrictions and when Plaintiff mentioned the reasonable accommodations she could still do, such as working the doors, Defendant Allan Doe stated she would have to push carts despite never pushing carts previously. This directly evidences discriminatory animus.

q)   Despite Plaintiffs ability to continue working with the same reasonable accommodations as she had been since January 2020, Plaintiff was forced out on leave indefinitely by Defendants, due in substantial part to her disabilities and need for accommodation, thereby directly evidencing discriminatory animus.

r)   At least through January 20, 2021 and continuing, Defendants failed and/or refused to investigate Plaintiff's complaints and take appropriate remedial actions.

37.   In doing the acts alleged herein, Defendant Costco, and DOES 1 through 100, and each of them, were substantially motivated by Plaintiff's actual/perceived disabilities, need for accommodations, and/or need for legally protected finite medical leave.

38.   At all times relevant herein, Plaintiff believes and further alleges that Defendant Costco, and/or its agents/representatives failed to timely, properly, and/or completely investigate the discrimination Plaintiff was routinely subjected to and ratified and condoned the unlawful behavior.

39.   The acts and conduct of Defendant Costco and DOES 1 through 100, and each of them, as aforesaid, were in violation of Cal. Gov. Code §§ 12940 et seq. Said statutes impose certain duties upon Defendant Costco concerning discrimination against persons, such as Plaintiff, on the basis of disabilities and the prohibition of disability discrimination. Said statutes were intended to prevent the type of injury and damage herein set forth.

40.   By the acts and conduct described above, Defendant Costco, and DOES 1 through 100, and each of them, in violation of said statutes, knew about, or should have known about, and failed to investigate and/or properly investigate, prevent or remedy the actual/perceived disability discrimination. When Plaintiff was discriminated against, Plaintiff's actual/perceived disability(s) were substantial motivating reasons and/or factors in Defendants' conduct.

41.   Prior to the initiation of this lawsuit, Plaintiff filed a timely complaint against each named Defendant with the DFEH pursuant to Cal. Government Code § 12900 et seq. and has received Right-to-Sue notices in a California Superior Court pursuant to California Government Code § 12965(b). Attached hereto and incorporated herein as Exhibit "A" are said Complaints and by reference hereto are made a part hereof. Attached hereto and incorporated herein as Exhibit "B"

12
**COMPLAINT FOR DAMAGES**

**EXHIBIT A, PAGE 15**

are said Right-to-Sue notices and by reference hereto are made a part hereof. Plaintiff has therefore exhausted Plaintiff's administrative remedies under the California Government Code.

42.     As a direct and legal result of the acts and omissions of Defendant Costco, and DOES 1 through 100, Plaintiff was rendered sick, sore, lame, disabled and/or disordered, both internally and/or externally, and/or suffered, among other things, numerous internal injuries, severe fright, shock, pain, discomfort and/or anxiety.

43.     As a further legal result of the acts and omissions of Defendant Costco, and DOES 1 through 100, Plaintiff has been forced and/or will be forced to incur expenses for medical care, X-rays, and/or laboratory costs during the period of Plaintiff's disability, and/or is informed and believes, and thereon alleges, that Plaintiff will in the future be forced to incur additional expenses of the same nature, all in an amount which is at present unknown. Plaintiff will pray leave of court to show the exact amount of said expenses at the time of trial.

44.     Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but since said incidents has been unable to engage fully and/or partially in Plaintiff's occupation, and is informed and believes, and thereon alleges, that Plaintiff will be fully and/or partially incapacitated and/or unable to perform Plaintiff's usual work for an indefinite period of time in the future, all to Plaintiff's damage in an amount which is at present unascertained. Plaintiff will pray leave of court to show the total amount of loss of earnings at the time of trial.

45.     As a further direct and legal result of the acts and conduct of Defendants Costco, and DOES 1 through 100, Plaintiff has been caused, and did suffer, and continues to suffer severe and permanent emotional and/or mental distress and/or anguish, humiliation, embarrassment, fright, shock, pain, discomfort and/or anxiety. The exact nature and extent of said injuries is presently unknown to Plaintiff, who will pray leave of court to assert the same when they are ascertained.

46.     By the aforesaid acts and conduct of Defendants Costco, and DOES 1 through 100, Plaintiff has been directly and legally caused to suffer actual damages pursuant to California Civil Code § 3333 including, but not limited to, loss of earnings and future earning capacity, medical and related expenses for care and procedures both now and in the future, attorneys' fees,

13

**COMPLAINT FOR DAMAGES**

and other pecuniary loss not presently ascertained, for which Plaintiff will seek leave of court to amend when ascertained.

47.     As a result of the discriminatory acts of Defendant Costco, and DOES 1 through 100, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically provided in California Government Code § 12965(b).

48.     The FEHA also provides remedies, including but not limited to, declaratory and injunctive relief. As such, Plaintiff is entitled to both declaratory and injunctive relief as a result of Defendants' unlawful conduct.

49.     Plaintiff has been damaged in an amount within the jurisdictional limits of this Court.

### III.

### THIRD CAUSE OF ACTION

**For Actual/Perceived Disability Retaliation in Employment**

**[California Government Code §§ 12940 et seq.]**

**Against Defendant Costco & DOES 1 Through 100, Only**

50.     Plaintiff incorporates herein by reference each and every paragraph in this Complaint as though duly set forth in full herein.

51.     Plaintiff was, at all times material hereto, a disabled employee (and one who engaged in legally protected conduct) and within a protected class covered by Cal. Gov. Code § 12940, as Plaintiff suffered from a severe and debilitating disability, including back disabilities, depression and anxiety, among other related conditions and/or disabilities.

52.     Plaintiff's impairments affect her musculoskeletal body system and ability to perform major life activities, such as working.

53.     Starting during Plaintiff's employment and continuing through the present date, and continuing, Defendants Costco, and/or DOES 1 through 100 retaliated against Plaintiff as a result of Plaintiff asserting her legal rights and/or complaining about and/or protesting against the disability harassment and discrimination Plaintiff was subjected to.

54.     Plaintiff asserted her legal rights, for example partaking in protected activity and protesting and complaining, on the following occasions, among others:

**EXHIBIT A, PAGE 17**

a)      In August 2019, Plaintiff sustained disabilities to her feet and proceeded to take legally protected medical leave until October 2019.

b)      Subsequently, in or around November 2019, Plaintiff took further legally protected medical leave to after suffering disabilities to her hips and returned approximately three weeks later with a restriction of no sweeping; Plaintiff was able to work with these restrictions.

c)      Manager Brenda Doe would consistently assign Plaintiff heavy work, even though Plaintiff complained that work was too hard on her disabilities.

d)      Plaintiff discussed her sweeping restriction in or around January 2020 with Human Resources Representative, Defendant Julie Doe.

e)      On or about March 2, 2020, Plaintiff took protected legal action by wearing a mask and gloves at work in light of the COVID-19 pandemic, which was recommended by her doctor due to her weak immune system.

f)      Plaintiff protested to be able to wear the mask to Defendant Gus Doe, telling him, "I need it for my health, my defenses are slow."

55.    However, Defendant Costco, and DOES 1 through 100, and each of them, retaliated against Plaintiff, due to and substantially motivated by Plaintiff's actual/perceived disability(s), requesting accommodations, or protected finite leave, and/or due to Plaintiff engaging in the aforesaid legally protected activities (complaints/protests), through the following actions, among others:

a)      Manager Brenda Doe, on a severe and/or pervasive basis would demean and swear at Plaintiff, saying comments like, "what the fuck are you doing" and "stop picking the smallest fucking broom," among other similar comments, thereby directly evidencing retaliatory animus.

b)      Moreover, Manager Brenda Doe, would consistently demand to see Plaintiff's doctor's notes and state, "without a doctor's note, it does not matter if your back hurts," thereby directly evidencing retaliatory animus.

c)      After returning to work, while expressing anger and frustration, Defendant Gus Doe began to purposefully ignore and distance himself from Plaintiff as well leer and

1   stare at her on a severe and/or pervasive basis due in substantial part to Plaintiff's
2   disabilities, thereby directly evidencing retaliatory animus.

3   d)      Further, rather than engage in the good faith interactive process and assess the
4   nature and extent of Plaintiff's disabilities, Defendant Gus Doe angrily questioned her
5   restrictions and stated: "Why can't you sweep? You have restrictions for sweeping?"
6   among other similar comments, thereby directly evidencing retaliatory animus.

7   e)      Thereafter, Plaintiff attempted to transfer to the optical department but was denied
8   by Defendant Robles who stated she needed a special license, which is untrue. Plaintiff
9   was aware of at least three individuals working in Optical without the license, thereby
10  evidencing retaliatory animus towards Plaintiff.

11  f)      Moreover, on or about February 15, 2020, Defendants called Plaintiff into a
12  meeting and unlawfully tried to coerce Plaintiff to remove her restrictions by her doctor,
13  insisting she be 100% healed to work her job.

14  g)      During the meeting, Defendant Robles threateningly told Plaintiff, "You need to
15  take this paper to the doctor and show him this paper, if you want to work, you need to
16  have the restrictions removed. [It] is not fair for other people to do their day-to-day tasks
17  and that you need assistance or are exempt from certain tasks due to your restrictions,"
18  thereby directly evidencing retaliatory animus.

19  h)      Moreover, Defendant Allan Doe followed up by stating, "We have no job for you
20  because you have restrictions. Go have your restrictions removed," thereby further
21  directly evidencing discriminatory animus.

22  i)      Furthermore, Defendant Gus Doe berated Plaintiff for wearing a mask and gloves
23  by stating, "Are you sick? No. Then you can't wear a mask. The only people allowed to
24  wear a mask are the sick people," thereby directly evidencing retaliatory animus.

25  j)      Plaintiff was forced out on leave of absence beginning March 3, 2020, when
26  Defendants falsely determined that she was unable to perform the essential functions of a
27  Front-End Assistant, even though she was able to work with reasonable accommodations
28  including working the doors, performing stock, re-wrapping items, folding clothes, and
    walking to check the refrigerators.

**COMPLAINT FOR DAMAGES**

**EXHIBIT A, PAGE 19**

k)    Furthermore, even though all Plaintiffs supervisors were happy with her work, Defendant Allan Doe told Plaintiff that there was no job for her at this Costco because of her restrictions and when Plaintiff mentioned the reasonable accommodations she could still do, such as working the doors, Defendant Allan Doe stated she would have to push carts despite never pushing carts previously.

l)    Despite Plaintiffs ability to continue working with the same reasonable accommodations as she had been since January 2020, Plaintiff was forced out on leave indefinitely by Defendants, due in substantial part to her disabilities and need for accommodation, thereby directly evidencing retaliatory animus.

m)    Defendants concluded the March 3, 2020, meeting by stating, "you are not terminated but you cannot come back to work at this Costco. If you change/modify the restrictions, maybe we can bring you back at this store," thereby directly evidencing retaliatory animus.

n)    At least through January 20, 2021 and continuing, Defendant Costco failed and/or refused to investigate Plaintiff's complaints and take appropriate remedial actions.

56.    In doing the acts alleged herein, Defendant Costco and DOES 1 through 100, and each of them, were substantially motivated by Plaintiff's actual/perceived disabilities, need for accommodations, need for legally protected medical leave, and/or aforesaid legally protected activities (complaints/protests).

57.    At all times relevant herein, Plaintiff believes and further alleges that Defendant Costco and/or its agents/representatives failed to timely, properly, and/or completely investigate the retaliation Plaintiff was routinely subjected to and ratified and condoned the unlawful behavior.

58.    The acts and conduct of Defendant Costco, and DOES 1 through 100, and each of them, as aforesaid, were in violation of California Government Code §§ 12940 et seq. Said statutes impose certain duties upon Defendant Costco, and each of them, concerning retaliation against persons, such as Plaintiff, on the basis of disabilities and the prohibition of actual/perceived disability retaliation. Said statutes were intended to prevent the type of injury and damage herein set forth.

EXHIBIT A, PAGE 20

59.     By the acts and conduct described above, Defendant Costco, and DOES 1 through 100, and each of them, in violation of said statutes, knew about, or should have known about, and failed to investigate and/or properly investigate, prevent or remedy the disability retaliation. When Plaintiff was retaliated against, Plaintiff's disability(s) and/or complaints about the unlawful conduct were substantial motivating reasons and/or factors in Defendants Costco conduct.

60.     Prior to the initiation of this lawsuit, Plaintiff filed a timely complaint against each named Defendant with the DFEH pursuant to Cal. Government Code § 12900 et seq. and has received Right-to-Sue notices in a California Superior Court pursuant to California Government Code § 12965(b). Attached hereto and incorporated herein as Exhibit "A" are said Complaints and by reference hereto are made a part hereof. Attached hereto and incorporated herein as Exhibit "B" are said Right-to-Sue notices and by reference hereto are made a part hereof. Plaintiff has therefore exhausted Plaintiff's administrative remedies under the California Government Code.

61.     As a direct and legal result of the acts and omissions of Defendant Costco and DOES 1 through 100, Plaintiff was rendered sick, sore, lame, disabled and/or disordered, both internally and/or externally, and/or suffered, among other things, numerous internal injuries, severe fright, shock, pain, discomfort and/or anxiety.

62.     As a further legal result of the acts and omissions of Defendant Costco, and DOES 1 through 100, Plaintiff has been forced and/or will be forced to incur expenses for medical care, X-rays, and/or laboratory costs during the period of Plaintiff's disability, and/or is informed and believes, and thereon alleges, that Plaintiff will in the future be forced to incur additional expenses of the same nature, all in an amount which is at present unknown. Plaintiff will pray leave of court to show the exact amount of said expenses at the time of trial.

63.     Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but since said incidents has been unable to engage fully and/or partially in Plaintiff's occupation, and is informed and believes, and thereon alleges, that Plaintiff will be fully and/or partially incapacitated and/or unable to perform Plaintiff's usual work for an indefinite period of time in

**COMPLAINT FOR DAMAGES**

**EXHIBIT A, PAGE 21**

the future, all to Plaintiff's damage in an amount which is at present unascertained. Plaintiff will pray leave of court to show the total amount of loss of earnings at the time of trial.

64.      As a further direct and legal result of the acts and conduct of Defendant Costco, and DOES 1 through 100, Plaintiff has been caused, and did suffer, and continues to suffer severe and permanent emotional and/or mental distress and/or anguish, humiliation, embarrassment, fright, shock, pain, discomfort and/or anxiety. The exact nature and extent of said injuries is presently unknown to Plaintiff, who will pray leave of court to assert the same when they are ascertained.

65.      By the aforesaid acts and conduct of Defendant Costco, and DOES 1 through 100, Plaintiff has been directly and legally caused to suffer actual damages pursuant to California Civil Code § 3333 including, but not limited to, loss of earnings and future earning capacity, medical and related expenses for care and procedures both now and in the future, attorneys' fees, and other pecuniary loss not presently ascertained, for which Plaintiff will seek leave of court to amend when ascertained.

66.      As a result of the retaliatory acts of Defendant Costco, and DOES 1 through 100, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically provided in California Government Code § 12965(b).

67.      The FEHA also provides remedies, including but not limited to, declaratory and injunctive relief. As such, Plaintiff is entitled to both declaratory and injunctive relief as a result of Defendants' unlawful conduct.

68.      Plaintiff has been damaged in an amount within the jurisdictional limits of this Court.

## IV.

### FOURTH CAUSE OF ACTION

#### For Failure to Engage in the Mandatory Good-Faith Interactive Process

#### [California Government Code § 12940 et. seq.]

#### Against Defendant Costco & DOES 1 Through 100, Only

69.      Plaintiff incorporates herein by reference and re-alleges each and every paragraph in this Complaint as though duly set forth in full herein.

19

70.    At all times relevant herein, Plaintiff was an actual, perceived, and/or potentially disabled person within the meaning of Cal. Gov. Code §§ 12926.1(b) et seq., because Plaintiff was a person with an actual, perceived, potentially disabling, and/or potentially disabling in the future physical/mental disabilities(s) including, but not limited to: foot and knee disabilities, among other related conditions and/or disabilities.

71.    At all times relevant herein, Plaintiff's impairments affected and/or affect Plaintiff's mental and psychological condition and/or Plaintiff's musculoskeletal body system, thereby affecting Plaintiff's ability to perform major life activities, such as working.

72.    At all times relevant herein, Defendant Costco failed to engage in a good-faith interactive process with Plaintiff to determine whether it would be possible to provide reasonable accommodations as required by Cal. Gov. Code § 12940.

73.    California Gov. Code § 12940 generally provides that it is an unlawful employment practice for an employer or other entity covered by the FEHA to fail to engage in a timely, good-faith, interactive process with the employee to determine effective reasonable accommodations, if any, for an employee with a known physical or mental disabilities or known medical condition.

74.    Defendants Costco were each an "employer" pursuant to Cal. Gov. Code §§ 12900 et seq. and therefore a covered entity.

75.    At all times relevant herein, Plaintiff was an employee of Defendant Costco.

76.    At all times relevant herein, Plaintiff had physical limitations resulting from Plaintiff's aforesaid disabilities, which were known to Defendant Costco and DOES 1-100, as aforesaid.

77.    Defendants Costco and DOES 1 through 100 failed to engage in the mandatory good faith interactive process with Plaintiff through the following, among others:

    a)    In August 2019, Plaintiff sustained disabilities to her feet and proceeded to take legally protected medical leave until October 2019.

    b)    Subsequently, in or around November 2019, Plaintiff took further legally protected medical leave to after suffering disabilities to her hips and returned approximately three weeks later with a restriction of no sweeping; Plaintiff was able to work with these restrictions.

**COMPLAINT FOR DAMAGES**

**EXHIBIT A, PAGE 23**

c)     Manager Brenda Doe, on a severe and/or pervasive basis would demean and swear at Plaintiff saying comments like, "what the fuck are you doing" and "stop picking the smallest fucking broom," among other similar comments.

d)     Furthermore, despite having knowledge of Plaintiff's disabilities, Defendant Brenda Doe would consistently assign Plaintiff heavy work, even though Plaintiff complained that work was too hard on her disabilities.

e)     Moreover, Manager Brenda Doe would consistently demand to see Plaintiff's doctor's notes and state, "without a doctor's note, it does not matter if your back hurts," and never engaged in the mandatory good faith interactive process with Plaintiff.

f)     Plaintiff discussed her sweeping restriction in or around January 2020 with Human Resources Representative, Defendant Julie Doe.

g)     However, rather than engage in the good faith interactive process and assess the nature and extent of Plaintiff's disabilities, Defendant Gus Doe angrily questioned her restrictions and stated: "Why can't you sweep? You have restrictions for sweeping?" among other similar comments.

h)     Moreover, on or about February 15, 2020, Defendants called Plaintiff into a meeting and unlawfully tried to coerce Plaintiff to remove her restrictions by her doctor, insisting she be 100% healed to work her job.

i)     During the meeting, Defendant Robles threateningly told Plaintiff, "You need to take this paper to the doctor and show him this paper, if you want to work, you need to have the restrictions removed. [It] is not fair for other people to do their day-to-day tasks and that you need assistance or are exempt from certain tasks due to your restrictions."

j)     Moreover, Defendant Allan Doe followed up by stating, "We have no job for you because you have restrictions. Go have your restrictions removed."

k)     At no point during the meeting did Defendants engage in the good faith interactive process to learn about the nature and extent of Plaintiff's disabilities.

l)     On or about March 2, 2020, Plaintiff took protected legal action by wearing a mask and gloves at work in light of the COVID-19 pandemic, which was recommended by her doctor due to her weak immune system.

m)      Defendant Gus rather than engage in the good faith interactive process and assess the nature and extent of Plaintiff's disabilities, berated Plaintiff for wearing a mask and gloves by stating, "Are you sick? No. Then you can't wear a mask. The only people allowed to wear a mask are the sick people." Defendant Gus Doe refused to allow Plaintiff to wear the mask in response to the Plaintiff stating, "I need it for my health, my defenses are slow."

n)      Plaintiff was forced out on leave of absence beginning March 3, 2020, when Defendants falsely determined that she was unable to perform the essential functions of a Front-End Assistant, even though she was able to work with reasonable accommodations including working the doors, performing stock, re-wrapping items, folding clothes, and walking to check the refrigerators.

o)      Further, Defendant Allan Doe demonstrated the failure to engage in the good faith interactive process when he told Plaintiff there was no job for her at this Costco, even though all her supervisors were happy with her work, because of her restrictions. When Plaintiff mentioned the reasonable accommodations she could still do, such as working the doors, Defendant Allan Doe stated she would have to push carts despite never pushing carts previously.

p)      Despite Plaintiffs ability to continue working with the same reasonable accommodations as she had been since January 2020, Plaintiff was forced out on leave indefinitely by Defendants, due in substantial part to her disabilities and need for accommodation.

q)      Defendants concluded the March 3, 2020, meeting by stating, "you are not terminated but you cannot come back to work at this Costco. If you change/modify the restrictions, maybe we can bring you back at this store." This directly evidencing Defendants failure to engage in the good faith interactive process.

r)      At least through January 20, 2021 and continuing, Defendants failed and/or refused to investigate Plaintiff's complaints and take appropriate remedial actions.

78.    At all times relevant herein, Plaintiff was willing to participate in an interactive process to determine whether reasonable accommodations could be made.

---

22

**COMPLAINT FOR DAMAGES**

79. Pursuant to Cal. Code of Regs. ("CCR") § 11069(b)(2), an employer or other covered entity shall initiate an interactive process when the employer or other covered entity otherwise becomes aware of the need for an accommodation through a third party or by observation.

80. At all times relevant herein, Defendant Costco and DOES 1 through 100 were aware and/or had notice of Plaintiff's disabilities and/or need for accommodations pursuant to C.C.R. § 11069(b)(2).

81. However, despite their duty to do so, Defendant Costco and DOES 1 through 100 failed to timely initiate and thereafter participate in a good-faith interactive process with Plaintiff to determine whether reasonable accommodations could be made.

82. Defendant Costco and DOES 1 through 100 failure to engage in a good-faith interactive process was a substantial factor in causing Plaintiff's harm.

83. In doing the acts alleged herein, Defendant Costco, and DOES 1 through 100, and each of them, were substantially motivated by Plaintiff's actual/perceived disabilities, need for accommodations, and/or need for legally protected finite medical leave.

84. At all times relevant herein, Plaintiff believes and further alleges that Defendant Costco and/or its agents/representatives failed to timely, properly, and/or completely investigate the unlawful conduct Plaintiff was routinely subjected to, and instead ratified and condoned the unlawful behavior.

85. Prior to the initiation of this lawsuit, Plaintiff filed a timely complaint against each named Defendant with the DFEH pursuant to Cal. Government Code § 12900 et seq. and has received Right-to-Sue notices in a California Superior Court pursuant to California Government Code § 12965(b). Attached hereto and incorporated herein as Exhibit "A" are said Complaints and by reference hereto are made a part hereof. Attached hereto and incorporated herein as Exhibit "B" are said Right-to-Sue notices and by reference hereto are made a part hereof. Plaintiff has therefore exhausted Plaintiff's administrative remedies under the California Government Code.

86. As a direct and legal result of the acts and omissions of Defendant Costco and DOES 1 through 100, Plaintiff was rendered sick, sore, lame, disabled and/or disordered, both internally and externally, and/or suffered, among other things, numerous internal injuries, severe fright, shock, pain, discomfort and/or anxiety.

EXHIBIT A, PAGE 26

87.     As a further legal result of the acts and omissions of Defendant Costco and DOES 1 through 100, Plaintiff has been forced and/or will be forced to incur expenses for medical care, X-rays, and/or laboratory costs during the period of Plaintiff's disabilities, and is informed and believes, and thereon alleges, that Plaintiff will in the future be forced to incur additional expenses of the same nature, all in an amount which is at present unknown. Plaintiff will pray leave of court to show the exact amount of said expenses at the time of trial.

88.     Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but since said incidents has been unable to engage fully in Plaintiff's occupation, and is informed and believes, and thereon alleges, that Plaintiff will be fully and/or partially incapacitated and/or unable to perform Plaintiff's usual work for an indefinite period of time in the future, all to Plaintiff's damage in an amount which is at present unascertained. Plaintiff will pray leave of court to show the total amount of loss of earnings at the time of trial.

89.     As a further direct and legal result of the acts and conduct of Defendant Costco and DOES 1 through 100, Plaintiff has been caused, and did suffer, and continues to suffer severe and permanent emotional and mental distress and anguish, humiliation, embarrassment, fright, shock, pain, discomfort and/or anxiety. The exact nature and extent of said injuries is presently unknown to Plaintiff, who will pray leave of court to assert the same when they are ascertained.

90.     By the aforesaid acts and conduct of Defendant Costco, and DOES 1 through 100, Plaintiff has been directly and legally caused to suffer actual damages pursuant to California Civil Code § 3333 including, but not limited to, loss of earnings and future earning capacity, medical and related expenses for care and procedures both now and in the future, attorney's fees, and/or other pecuniary loss not presently ascertained, for which Plaintiff will seek leave of court to amend when ascertained.

91.     As a result of Defendant Costco's failure to initiate and participate in the good-faith interactive process, as alleged herein, Plaintiff is entitled to reasonable attorney's fees and costs of said suit as specifically provided in California Government Code § 12965(b).

92.     The FEHA also provides remedies, including but not limited to, declaratory and injunctive relief. As such, Plaintiff is entitled to both declaratory and injunctive relief as a result of Defendant Costco's unlawful conduct.

EXHIBIT A, PAGE 27

93. Plaintiff has been damaged in an amount within the jurisdictional limits of this Court.

## V

### FIFTH CAUSE OF ACTION
**For Failure to Accommodate**

**[California Government Code § 12940 et. seq.]**

**Against Defendant Costco & DOES 1 Through 100, Only**

94. Plaintiff incorporates herein by reference and re-alleges each and every paragraph in this Complaint as though duly set forth in full herein.

95. At all times relevant herein, Plaintiff was an employee of Costco and DOES 1 through 100.

96. At all times relevant herein, Defendant Costco were aware and/or had notice of Plaintiff's disabilities and/or need for accommodations pursuant to C.C.R. § 11069(b)(2).

97. At all times relevant herein, Plaintiff was able to perform the essential job duties with and/or without reasonable accommodations for Plaintiff's disabilities.

98. At all times relevant herein, Defendant Costco and DOES 1 through 100 failed to provide reasonable accommodations to Plaintiff's for injuries and/or disabilities as required by Cal. Gov. Code § 12940.

99. Defendants Costco and DOES 1 through 100 failed to provide reasonable accommodations to Plaintiff through the following, among others:

    a)    In August 2019, Plaintiff sustained disabilities to her feet and proceeded to take legally protected medical leave until October 2019.

    b)    After returning to work, while expressing anger and frustration, Defendant Gus Doe began to purposefully ignore and distance himself from Plaintiff as well leer and stare at her on a severe and/or pervasive basis due in substantial part to Plaintiff's disabilities.

    c)    Subsequently, in or around November 2019, Plaintiff took further legally protected medical leave to after suffering disabilities to her hips and returned approximately three weeks later with a restriction of no sweeping; Plaintiff was able to work with these restrictions.

d)      Manager Brenda Doe, on a severe and/or pervasive basis would demean and swear at Plaintiff, saying comments like, "what the fuck are you doing" and "stop picking the smallest fucking broom," among other similar comments.

e)      Furthermore, despite having knowledge of Plaintiff's disabilities, Manager Brenda Doe would consistently assign Plaintiff heavy work, even though Plaintiff complained that work was too hard on her disabilities.

f)      Moreover, Manager Brenda Doe would consistently demand to see Plaintiff's doctor's notes and state, "without a doctor's note, it does not matter if your back hurts."

g)      Plaintiff discussed her sweeping restriction in or around January 2020 with Human Resources Representative, Defendant Julie Doe.

h)      Consequently, instead of reasonably accommodating Plaintiff, Defendant Gus Doe angrily questioned her restrictions and stated: "Why can't you sweep? You have restrictions for sweeping," among other similar comments.

i)      Thereafter, Plaintiff attempted to transfer to the optical department but was denied by Defendant Robles who stated she needed a special license, which is untrue. Plaintiff was aware of at least three individuals working in Optical without the license, which further demonstrates Defendant's failure to reasonably accommodate Plaintiff.

j)      Moreover, on or about February 15, 2020, Defendants called Plaintiff into a meeting and unlawfully tried to coerce Plaintiff to remove her restrictions by her doctor, insisting she be 100% healed to work her job, thereby directly evidencing Defendants refusal to reasonably accommodate Plaintiff.

k)      During the meeting, Defendant Robles threateningly told Plaintiff, "You need to take this paper to the doctor and show him this paper, if you want to work, you need to have the restrictions removed. [It] is not fair for other people to do their day-to-day tasks and that you need assistance or are exempt from certain tasks due to your restrictions," thereby further directly evidencing failure to accommodate.

l)      Moreover, Defendant Allan Doe followed up by stating, "We have no job for you because you have restrictions. Go have your restrictions removed," thereby further directly evidencing failure to accommodate.

**EXHIBIT A, PAGE 29**

m)   On or about March 2, 2020, Plaintiff took protected legal action by wearing a mask and gloves at work in light of the COVID-19 pandemic, which was recommended by her doctor due to her weak immune system.

n)   Defendant Gus Doe berated Plaintiff for wearing a mask and gloves by stating, "Are you sick? No. Then you can't wear a mask. The only people allowed to wear a mask are the sick people." Defendant Gus Doe refused to allow Plaintiff to wear the mask in response to the Plaintiff stating, "I need it for my health, my defenses are slow." This directly evidences Defendants refusal to reasonably accommodate Plaintiff.

o)   Plaintiff was forced out on leave of absence beginning March 3, 2020, when Defendants falsely determined that she was unable to perform the essential functions of a Front-End Assistant, even though she was able to work with reasonable accommodations including working the doors, performing stock, re-wrapping items, folding clothes, and walking to check the refrigerators.

p)   Furthermore, even though all Plaintiffs supervisors were happy with her work, Defendant Allan Doe told Plaintiff that there was no job for her at this Costco because of her restrictions and when Plaintiff mentioned the reasonable accommodations she could still do, such as working the doors, Defendant Allan Doe stated she would have to push carts despite never pushing carts previously.

q)   Despite Plaintiffs ability to continue working with the same reasonable accommodations as she had been since January 2020, Plaintiff was forced out on leave indefinitely by Defendants, directly evidencing failure to reasonably accommodate.

r)   Defendants concluded the March 3, 2020, meeting by stating, "you are not terminated but you cannot come back to work at this Costco. If you change/modify the restrictions, maybe we can bring you back at this store." This further directly evidences Defendants failure to accommodate.

s)   As of January 20, 2021, and ongoing Defendant Costco has yet to make any effort to reasonably accommodate Plaintiff for her disabilities.

100.   Cal. Gov. Code § 12940 provides that it is an unlawful employment practice for an employer or other entity covered by this part to fail to make reasonable accommodations for the known physical or mental disabilities of an applicant or employee.

101.    At all times relevant herein, Plaintiff was an actual, perceived, and/or potentially disabled person within the meaning of Cal. Gov. Code §§ 12926.1(b) et seq., because Plaintiff was a person with an actual, perceived, potentially disabling, and/or potentially disabling in the future physical/mental disabilities(s) including, but not limited to: foot and knee disabilities, among other related conditions and/or disabilities.

102.    Plaintiff is informed, believes, and herein alleges Defendant Costco was an "employer" pursuant to Cal. Gov. Code §§ 12900 et seq. and therefore a covered entity.

103.    Plaintiff was harmed as a result of Defendant Costco's failure to provide reasonable accommodations.

104.    Defendant Costco failure to provide reasonable accommodations was a substantial factor in causing Plaintiff's harm.

105.    At all times relevant herein, Plaintiff believes and further alleges that Defendant Costco and DOES 1 through 100 and/or their agents/representatives failed to timely, properly, and/or completely investigate the unlawful conduct Plaintiff was routinely subjected to, and instead ratified and condoned the unlawful behavior.

106.    In doing the acts alleged herein, Defendant Costco, and DOES 1 through 100, and each of them, were substantially motivated by Plaintiff's actual/perceived disabilities, need for accommodations, and/or need for legally protected finite medical leave.

107.    Prior to the initiation of this lawsuit, Plaintiff filed a timely complaint against each named Defendant with the DFEH pursuant to Cal. Government Code § 12900 et seq. and has received Right-to-Sue notices in a California Superior Court pursuant to California Government Code § 12965(b). Attached hereto and incorporated herein as Exhibit "A" are said Complaints and by reference hereto are made a part hereof. Attached hereto and incorporated herein as Exhibit "B" are said Right-to-Sue notices and by reference hereto are made a part hereof. Plaintiff has therefore exhausted Plaintiff's administrative remedies under the California Government Code.

108.    As a direct and legal result of the acts and omissions of Defendant Costco and DOES 1 through 100, Plaintiff was rendered sick, sore, lame, disabled and/or disordered, both internally and externally, and/or suffered, among other things, numerous internal injuries, severe fright, shock, pain, discomfort and/or anxiety.

EXHIBIT A, PAGE 31

109.    As a further legal result of the acts and omissions of Defendant Costco and DOES 1 through 100, Plaintiff has been forced and/or will be forced to incur expenses for medical care, X-rays, and/or laboratory costs during the period of Plaintiff's disabilities, and is informed and believes, and thereon alleges, that Plaintiff will in the future be forced to incur additional expenses of the same nature, all in an amount which is at present unknown. Plaintiff will pray leave of court to show the exact amount of said expenses at the time of trial.

110.    Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but since said incidents has been unable to engage fully in Plaintiff's occupation, and is informed and believes, and thereon alleges, that Plaintiff will be fully and/or partially incapacitated and/or unable to perform Plaintiff's usual work for an indefinite period of time in the future, all to Plaintiff's damage in an amount which is at present unascertained. Plaintiff will pray leave of court to show the total amount of loss of earnings at the time of trial.

111.    As a further direct and legal result of the acts and conduct of Defendant Costco and DOES 1 through 100, Plaintiff has been caused, and did suffer, and continues to suffer severe and permanent emotional and mental distress and anguish, humiliation, embarrassment, fright, shock, pain, discomfort and/or anxiety. The exact nature and extent of said injuries is presently unknown to Plaintiff, who will pray leave of court to assert the same when they are ascertained.

112.    By the aforesaid acts and conduct of Defendant Costco and DOES 1 through 100, Plaintiff has been directly and legally caused to suffer actual damages pursuant to California Civil Code § 3333 including, but not limited to, loss of earnings and future earning capacity, medical and related expenses for care and procedures both now and in the future, attorney's fees, and/or other pecuniary loss not presently ascertained, for which Plaintiff will seek leave of court to amend when ascertained.

113.    As a result of Defendant Costco's failure to initiate and participate in the good-faith interactive process, as alleged herein, Plaintiff is entitled to reasonable attorney's fees and costs of said suit as specifically provided in California Government Code § 12965(b).

114.    The FEHA also provides remedies, including but not limited to, declaratory and injunctive relief. As such, Plaintiff is entitled to both declaratory and injunctive relief as a result of Defendant Costco's unlawful conduct.

1    115.   Plaintiff has been damaged in an amount within the jurisdictional limits of this Court.

2                                    **VI.**

3                          **SIXTH CAUSE OF ACTION**

4                 **For Violation of the California Family Rights Act**

5                 **[California Government Code §§ 12945.2 et seq.]**

6              **Against Defendant Costco & DOES 1 Through 100, Only**

7    116.   Plaintiff incorporates herein by reference and re-alleges each and every paragraph in this

8    Complaint as though duly set forth in full herein.

9    117.   Plaintiff has been employed by Costco since 2001.

10   118.   Plaintiff was an employee of Defendant Costco who qualified for leave due to an actual

11   physical/mental disability(s) and for medical purposes pursuant to California Government Code

12   §§ 12945.2 et seq.

13   119.   Plaintiff's impairments affect her mental and physical health and ability to perform major

14   life activities, such as working.

15   120.   At all times herein mentioned, Defendant Costco was an employer who regularly

16   employed 50 or more employees, and therefore within the definition provided by California

17   Government Code § 12945.2.

18   121.   Plaintiff worked for Defendant Costco for over one (1) year and worked over 1250 hours

19   in the year prior to taking and/or request for medical leave.

20   122.   At all times relevant herein, Plaintiff was an actual, perceived, and/or potentially disabled

21   person within the meaning of Cal. Gov. Code §§ 12926.1(b) et seq., because Plaintiff was a

22   person with an actual, perceived, potentially disabling, and/or potentially disabling in the future

23   physical/mental disability(s) including, but not limited to: disabilities to her knees, elbows,

24   Plaintiff suffered from anxiety, and other related disabilities.

25   123.   Plaintiff was affected by her physical/mental disability(s) during her employment, and

26   continuing thereafter through January 20, 2021, and continuing, thereby entitling Plaintiff to

27   medical leave pursuant to the California Family Rights Act ("CFRA").

28   124.   Plaintiff informed Defendant Costco and its relevant Supervisors of her disability,

restrictions, need for accommodations, and need/potential need for protected medical leave.

125.   As a result of Plaintiff requesting and/or taking legally protected CFRA medical leave, Plaintiff was subjected to further discriminatory and retaliatory treatment by Defendant Costco including, but not limited to:

a)   In August 2019, Plaintiff sustained disabilities to her feet and proceeded to take protected CFRA medical leave until October 2019.

b)   After returning to work, while expressing anger and frustration, Defendant Gus Doe began to purposefully ignore and distance himself from Plaintiff as well leer and stare at her on a severe and/or pervasive basis, thereby directly evidencing discriminatory and retaliatory animus towards Plaintiff for taking CFRA leave.

c)   Subsequently, in or around November 2019, Plaintiff took further legally protected medical leave to after suffering disabilities to her hips and returned approximately three weeks later with a restriction of no sweeping; Plaintiff was able to work with these restrictions.

d)   Manager Brenda Doe, on a severe and/or pervasive basis would demean and swear at Plaintiff, saying comments like, "what the fuck are you doing" and "stop picking the smallest fucking broom," among other similar comments.

e)   Furthermore, despite having knowledge of Plaintiff's disabilities, Manager Brenda Doe would consistently assign Plaintiff heavy work, even though Plaintiff complained that work was too hard on her disabilities, thereby directly evidencing discriminatory and retaliatory animus due in part to Plaintiff taking protected medical leave.

f)   Moreover, Manager Brenda Doe would consistently demand to see Plaintiff's doctor's notes and state, "without a doctor's note, it does not matter if your back hurts," thereby directly evidencing discriminatory animus and retaliatory animus due in part to Plaintiff taking protected medical leave.

g)   Plaintiff discussed her sweeping restriction in or around January 2020 with Human Resources Representative, Defendant Julie Doe.

h)   However, rather than engage in the good faith interactive process and assess the nature and extent of Plaintiff's disabilities, Defendant Gus Doe angrily questioned her restrictions and stated: "Why can't you sweep? You have restrictions for sweeping?"

31

among other similar comments, thereby directly evidencing discriminatory and retaliatory animus towards Plaintiff for taking CFRA leave.

i)      Thereafter, Plaintiff attempted to transfer to the optical department but was denied by Defendant Robles who stated she needed a special license, which is untrue. Plaintiff was aware of at least three individuals working in Optical without the license, further demonstrating Defendant's retaliatory animus towards Plaintiff for taking CFRA leave.

j)      Moreover, on or about February 15, 2020, Defendants called Plaintiff into a meeting and unlawfully tried to coerce Plaintiff to remove her restrictions by her doctor, insisting she be 100% healed to work her job and retaliatory animus towards Plaintiff for taking CFRA leave.

k)      During the meeting, Defendant Robles threateningly told Plaintiff, "You need to take this paper to the doctor and show him this paper, if you want to work, you need to have the restrictions removed. [It] is not fair for other people to do their day-to-day tasks and that you need assistance or are exempt from certain tasks due to your restrictions."

l)      Moreover, Defendant Allan Doe followed up by stating, "We have no job for you because you have restrictions. Go have your restrictions removed."

m)      Plaintiff was forced out on leave of absence beginning March 3, 2020, when Defendants falsely determined that she was unable to perform the essential functions of a Front-End Assistant, even though she was able to work with reasonable accommodations including working the doors, performing stock, re-wrapping items, folding clothes, and walking to check the refrigerators.

n)      Furthermore, even though all Plaintiffs supervisors were happy with her work, Defendant Allan Doe told Plaintiff that there was no job for her at this Costco because of her restrictions and when Plaintiff mentioned the reasonable accommodations she could still do, such as working the doors, Defendant Allan Doe stated she would have to push carts despite never pushing carts previously.

o)      Despite Plaintiffs ability to continue working with the same reasonable accommodations as she had been since January 2020, Plaintiff was forced out on leave indefinitely by Defendants, thereby directly evidencing Defendants retaliatory animus towards Plaintiff for taking CFRA leave.

32

COMPLAINT FOR DAMAGES

p)   At least through January 20, 2021 and continuing, Defendants failed and/or refused to investigate Plaintiff's complaints and take appropriate remedial actions.

126.   In doing the acts alleged herein, Defendant Costco and DOES 1 through 100, and each of them, were substantially motivated by Plaintiff requesting and/or taking legally protected CFRA medical leave.

127.   At all times relevant herein, Plaintiff believes and further alleges Defendant Costco and/or its agents/representatives failed to timely, properly, and/or completely investigate the discrimination and/or retaliation Plaintiff was subjected to based on Plaintiff requesting and/or taking protected CFRA leave, and instead ratified and condoned the unlawful conduct.

128.   By the acts and conduct described above, Defendant Costco, in violation of said statutes, knew about, or should have known about, and failed to investigate and/or properly investigate, prevent or remedy the retaliation and discrimination in violation of the CFRA. The acts of discrimination and retaliation described herein were sufficiently pervasive so as to alter the conditions of employment and created an abusive working environment.

129.   Prior to the initiation of this lawsuit, Plaintiff filed a timely complaint against each named Defendant with the DFEH pursuant to Cal. Government Code § 12900 et seq. and has received Right-to-Sue notices in a California Superior Court pursuant to California Government Code § 12965(b). Attached hereto and incorporated herein as Exhibit "A" are said Complaints and by reference hereto are made a part hereof. Attached hereto and incorporated herein as Exhibit "B" are said Right-to-Sue notices and by reference hereto are made a part hereof. Plaintiff has therefore exhausted Plaintiff's administrative remedies under the California Government Code.

130.   As a direct and legal result of the acts and omissions of Defendant Costco and DOES 1 through 100, Plaintiff was rendered sick, sore, lame, disabled and/or disordered, both internally and/or externally, and/or suffered, among other things, numerous internal injuries, severe fright, shock, pain, discomfort and/or anxiety.

131.   As a further legal result of the acts and omissions of Defendant Costco and DOES 1 through 100, Plaintiff has been forced and/or will be forced to incur expenses for medical care, X-rays, and/or laboratory costs during the period of Plaintiff's disability, and/or is informed and believes, and thereon alleges, that Plaintiff will in the future be forced to incur additional

1    expenses of the same nature, all in an amount which is at present unknown. Plaintiff will pray

2    leave of court to show the exact amount of said expenses at the time of trial.

3    132.    Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but since

4    said incidents has been unable to engage fully and/or partially in Plaintiff's occupation, and is

5    informed and believes, and thereon alleges, that Plaintiff will be fully and/or partially

6    incapacitated and/or unable to perform Plaintiff's usual work for an indefinite period of time in

7    the future, all to Plaintiff's damage in an amount which is at present unascertained. Plaintiff will

8    pray leave of court to show the total amount of loss of earnings at the time of trial.

9    133.    As a further direct and legal result of the acts and conduct of Defendant Costco and

10   DOES 1 through 100, Plaintiff has been caused, and did suffer, and continues to suffer severe

11   and permanent emotional and/or mental distress and/or anguish, humiliation, embarrassment,

12   fright, shock, pain, discomfort and/or anxiety. The exact nature and extent of said injuries is

13   presently unknown to Plaintiff, who will pray leave of court to assert the same when they are

14   ascertained.

15   134.    By the aforesaid acts and conduct of Defendant Costco and DOES 1 through 100,

16   Plaintiff has been directly and legally caused to suffer actual damages pursuant to California

17   Civil Code § 3333 including, but not limited to, loss of earnings and future earning capacity,

18   medical and related expenses for care and procedures both now and in the future, attorneys' fees,

19   and other pecuniary loss not presently ascertained, for which Plaintiff will seek leave of court to

20   amend when ascertained.

21   135.    As a result of the unlawful acts of Defendant Costco and DOES 1 through 100, as alleged

22   herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically

23   provided in California Government Code § 12965(b).

24   136.    Plaintiff has been damaged in an amount within the jurisdictional limits of this Court.

25   ///

26   ///

27   ///

28   ///

**COMPLAINT FOR DAMAGES**

**EXHIBIT A, PAGE 37**

# VII.

## SEVENTH CAUSE OF ACTION

### For Whistleblower Violations

#### [California Labor Code § 1102.5]

#### Against Defendant Costco & DOES 1 Through 100, Only

137.  Plaintiff incorporates herein by reference each and every paragraph in this Complaint as though duly set forth in full herein.

138.  Defendant Costco, and DOES 1 through 100, retaliated against Plaintiff for blowing the whistle/complaining about/protesting against its unlawful activities, including but not limited to actual/perceived disability, age, and sex/gender harassment, discrimination, and retaliation, where Plaintiff had reasonable cause to believe Plaintiff's employer was violating the law.

139.  It is a violation of the California whistleblower statute, Cal. Labor Code § 1102.5, and public policy to unlawfully retaliate/punish/discharge or deny opportunities to an employee for refusing to violate the law and/or for protesting unlawful activities to a government agency or his/her employer.

140.  Plaintiff was a whistleblower pursuant to Cal. Labor Code § 1102.5, as Plaintiff engaged in the following protected activities, among others:

a)  In August 2019, Plaintiff sustained disabilities to her feet and proceeded to take legally protected medical leave until October 2019.

b)  Subsequently, in or around November 2019, Plaintiff took further legally protected medical leave to after suffering disabilities to her hips and returned approximately three weeks later with a restriction of no sweeping; Plaintiff was able to work with these restrictions.

c)  Manager Brenda Doe would consistently assign Plaintiff heavy work, even though Plaintiff complained that work was too hard on her disabilities.

d)  Plaintiff discussed her sweeping restriction in or around January 2020 with Human Resources Representative, Defendant Julie Doe.

e)      On or about March 2, 2020, Plaintiff took protected legal action by wearing a mask and gloves at work in light of the COVID-19 pandemic, which was recommended by her doctor due to her weak immune system.

f)      Furthermore, due to the ongoing COVID-19 Pandemic, Plaintiff protested to be able to wear the mask to Defendant Gus Doe, telling him, "I need it for my health, my defenses are slow." The inability to wear a mask at Costco indicates an unsafe work environment.

141.   However, as a direct result of Plaintiff engaging in legally protected activity and complaining about and protesting against the aforesaid violations of law (or Plaintiff's reasonable belief that laws were being violated), Defendant Costco, and DOES 1 through 100 retaliated against Plaintiff through the following, among others:

a)      Despite having knowledge of Plaintiff's disabilities, Manager Brenda Doe, would consistently demand to see Plaintiff's doctor's notes and state, "without a doctor's note, it does not matter if your back hurts," thereby directly evidencing retaliatory animus.

b)      After returning to work, while expressing anger and frustration, Defendant Gus Doe began to purposefully ignore and distance himself from Plaintiff as well leer and stare at her on a severe and/or pervasive basis due in substantial part to Plaintiff's protesting., thereby directly evidencing retaliatory animus.

c)      However, rather than engage in the good faith interactive process and assess the nature and extent of Plaintiff's disabilities, Defendant Gus Doe angrily questioned her restrictions and stated: "Why can't you sweep? You have restrictions for sweeping?" among other similar comments, thereby directly evidencing retaliatory animus.

d)      Thereafter, Plaintiff attempted to transfer to the optical department but was denied by Defendant Robles who stated she needed a special license, which is untrue. Plaintiff was aware of at least three individuals working in Optical without the license.

e)      Moreover, on or about February 15, 2020, Defendants called Plaintiff into a meeting and unlawfully tried to coerce Plaintiff to get her restrictions modified by her doctor to be in full compliance with the job, insisting she be 100% healed to work her job.

f)      Moreover, on or about February 15, 2020, Defendants called Plaintiff into a meeting and unlawfully tried to coerce Plaintiff to remove her restrictions by her doctor, insisting she be 100% healed to work her job.

g)      During the meeting, Defendant Robles threateningly told Plaintiff, "You need to take this paper to the doctor and show him this paper, if you want to work, you need to have the restrictions removed. [It] is not fair for other people to do their day-to-day tasks and that you need assistance or are exempt from certain tasks due to your restrictions," thereby directly evidencing retaliatory animus.

h)      Moreover, Defendant Allan Doe followed up by stating, "We have no job for you because you have restrictions. Go have your restrictions removed," thereby further directly evidencing retaliatory animus.

i)      Defendant Gus Doe berated Plaintiff for wearing a mask and gloves by stating, "Are you sick? No. Then you can't wear a mask. The only people allowed to wear a mask are the sick people." Defendant Gus Doe's refusal to let Plaintiff wear a mask despite the ongoing COVID-19 pandemic indicates an unsafe workplace and retaliatory animus.

j)      Plaintiff was forced out on leave of absence beginning March 3, 2020, when Defendants falsely determined that she was unable to perform the essential functions of a Front-End Assistant, even though she was able to work with reasonable accommodations including working the doors, performing stock, re-wrapping items, folding clothes, and walking to check the refrigerators.

k)      Furthermore, even though all Plaintiffs supervisors were happy with her work, Defendant Allan Doe told Plaintiff that there was no job for her at this Costco because of her restrictions and when Plaintiff mentioned the reasonable accommodations she could still do, such as working the doors, Defendant Allan Doe stated she would have to push carts despite never pushing carts previously.

l)      Despite Plaintiffs ability to continue working with the same reasonable accommodations as she had been since January 2020, Plaintiff was forced out on leave indefinitely by Defendants, due in substantial part to her protesting and engaging in protected lawful activity, thereby directly evidences retaliatory animus.

m)     Defendants concluded the March 3, 2020, meeting by stating, "you are not terminated but you cannot come back to work at this Costco. If you change/modify the restrictions, maybe we can bring you back at this store." This directly evidences retaliatory animus.

n)     At least through January 20, 2021 and continuing, Defendants failed and/or refused to investigate Plaintiff's complaints and take appropriate remedial actions.

300.   Accordingly, Defendant Costco and DOES 1 through 100 had and maintained a policy and/or practice which prevented/prevents Plaintiff and other employees from complaining about and/or protesting against his/her employer's violation(s) of law to a government agency, or reasonable belief that a law(s) is being violated.

301.   California Labor Code § 1102.5 declares:

(a) An employer, or any person acting on behalf of the employer, shall not make, adopt, or enforce any rule, regulation, or policy preventing an employee from disclosing information to a government or law enforcement agency, to a person with authority over the employee, or to another employee who has authority to investigate, discover, or correct the violation or noncompliance, or from providing information to, or testifying before, any public body conducting an investigation, hearing, or inquiry, if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties.

(b) An employer, or any person acting on behalf of the employer, shall not retaliate against an employee for disclosing information, or because the employer believes that the employee disclosed or may disclose information, to a government or law enforcement agency, to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance, or for providing information to, or testifying before, any public body conducting an investigation, hearing, or inquiry, if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties.

(c) An employer, or any person acting on behalf of the employer, shall not retaliate against an employee for refusing to participate in an activity that would result in a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation.

302.   Defendant Costco and DOES 1 through 100 violated Cal. Labor Code § 1102.5(a) as it made, adopted, and enforced rules, regulation and policies preventing Plaintiff from disclosing

38

**COMPLAINT FOR DAMAGES**

information to government and law enforcement agencies or a person with authority over Plaintiff and/or authority to investigate, discover, investigate, or correct the violation, where Plaintiff had reasonable cause to believe Plaintiff's employer was violating the law.

303.    Defendant Costco and DOES 1 through 100 violated Cal. Labor Code § 1102.5(b) as it retaliated against Plaintiff for protesting Defendants' unlawful actions, and/or because Defendant Costco felt Plaintiff may protest, to a government or law enforcement agency or to a person with authority over the employee and/or authority to investigate, discover, investigate, or correct the violation.

304.    Plaintiff was retaliated against for filing and protesting discrimination per Cal. Gov't Code § 12940 et seq.

305.    Plaintiff was retaliated against through the aforesaid acts by Defendant Costco and DOES 1 through 100 at least in part, because of Plaintiff's refusal to participate in an activity that would result in a violation of state or federal statutes (or Plaintiff reasonably believed to be in violation). Defendant Costco and DOES 1 through 100 were thus in violation of Cal. Labor Code § 1102.5(c).

306.    Defendant deviated from its own policies and procedures, supporting a public interest in Plaintiffs seeking Defendants to comply with their own polices, and therefore Plaintiff seeks reasonably attorneys fees per CCP § 1021.5.

307.    At all times herein mentioned, the public policy of the State of California, as codified, expressed and mandated by California Government Code § 12940 et. seq., was to prohibit employers from failing to engage in the mandatory good-faith interactive process with disabled employees to determine the extent of their disabilities and determine how they could be reasonably accommodated. This public policy of the State of California is designed to protect all employees and to promote the welfare and well-being of the community at large. The policy inures to the benefit of the public and is fundamental and substantial.

308.    At all times herein mentioned, the public policy of the State of California, as codified, expressed and mandated by California Government Code § 12945 et. seq., California Family Rights Act (CFRA), was to prohibit employers from failing to provide medical leave to disabled

EXHIBIT A, PAGE 42

employees and to prohibit employees from retaliating against an employee for taking extended medical leave. This public policy of the State of California is designed to protect all employees and to promote the welfare and well-being of the community at large. The policy inures to the benefit of the public and is fundamental and substantial.

309.    At all times herein mentioned, the public policy of the State of California, as codified, expressed and mandated by California Government Code § 12940 et. seq., was to prohibit employers from failing to provide reasonable accommodations to disabled employees. This public policy of the State of California is designed to protect all employees and to promote the welfare and well-being of the community at large. The policy inures to the benefit of the public and is fundamental and substantial.

310.    At all times herein mentioned, the public policy of the State of California, as codified, expressed and mandated in Cal. Labor Code §§ 6300 et seq. requires all employers take reasonable steps to provide a safe and secure workplace and to adopt safe practices and procedures.

311.    At all times herein mentioned, the public policy of the State of California, as codified, expressed and mandated by California Labor Code §§ 6300 et seq. and 6400 et. seq., Cal. Health & Saf. Code § 1278.5(g), among others, was to prohibit employers from partaking in unsafe workplace violations including providing employees with adequate safety equipment. This public policy of the State of California is designed to protect all employees and to promote the welfare and well-being of the community at large.

312.    At all times herein mentioned, the public policy of the State of California, as codified, expressed and mandated by California Labor Code § 1102.5 prohibited discrimination and/or retaliation against employees blowing the whistle about their employers' unlawful activities. This public policy of the State of California is designed to protect all employees and to promote the welfare and well-being of the community at large.

313.    When Plaintiff was subjected to the adverse employment actions identified above, Defendant Costco and DOES 1 through 100, and each of them, were substantially motivated by Plaintiff's complaints of violations of state and/or federal law (or Plaintiff's reasonable belief that a law(s) was being violated), and said complaints were substantial motivating factors and/or

reasons in the decision to subject Plaintiff to the aforesaid retaliatory, adverse employment actions, in violation of California <u>Labor Code</u> § 1102.5.

314. As a direct and legal result of the acts and omissions of Defendants Costco and DOES 1 through 100, and each of them, Plaintiff was rendered sick, sore, lame, disabled and/or disordered, both internally and/or externally, and suffered, among other things, emotional distress, including but not limited to shock, pain, discomfort and/or anxiety.

315. As a further legal result of the acts and omissions of Defendants Costco and DOES 1 through 100, and each of them, Plaintiff has been forced to incur expenses for medical care, X-rays, and/or laboratory costs during the period of Plaintiff's disability, and is informed and believes, and/or thereon alleges, that Plaintiff will in the future be forced to incur additional expenses of the same nature, all in an amount which is at present unknown. Plaintiff will pray leave of court to show the exact amount of said expenses at the time of trial.

316. Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but since said incidents has been unable to engage fully in Plaintiff's occupation, and/or is informed and believes, and thereon alleges, that Plaintiff will be partially and/or fully incapacitated and/or unable to perform Plaintiff's usual work for an indefinite period of time in the future, all to Plaintiff's damages in an amount which is at present unascertained. Plaintiff will pray leave of court to show the total amount of loss of earnings at the time of trial.

317. As a further direct and legal result of the acts of Defendants Costco and DOES 1 through 100 Plaintiff has been caused, and did suffer, and continues to suffer severe and/or permanent emotional and/or mental distress and anguish, humiliation, embarrassment, fright, shock, pain, discomfort and/or anxiety. The exact nature and extent of said injuries is presently unknown to Plaintiff, who will pray leave of court to assert the same when they are ascertained.

318. Plaintiff is entitled to a civil penalty up to ten thousand dollars ($10,000) for each violation of Cal. Lab. Code § 1102.5.

319. By the acts and conduct of aforesaid Defendant Costco and DOES 1 through 100, and each of them, Plaintiff has been directly and legally caused to suffer actual damages pursuant to California <u>Civil Code</u> § 3333 including, but not limited to, loss of earnings and future earning

41

capacity, medical and related expenses for care and procedures both now and in the future, attorneys' fees, and other pecuniary loss not presently ascertained, for which Plaintiff will seek leave of court to amend when ascertained.

320.    As a result of the unlawful acts of Defendant Costco and DOES 1 through 100 and each of them, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically provided in Cal. C.C.P. § 1021.5. Plaintiff's action enforces important rights affecting the public interest by bringing forth this lawsuit to ensure Defendant Costco and DOES 1 through 100 refrain from unlawfully retaliating against employees for blowing the whistle, thereby conferring a significant benefit on the general public's health and well-being as a result. The necessity and financial burden of this private enforcement, as well as the interest of justice, entitles Plaintiff to reasonable attorneys' fees and costs under Cal. C.C.P. § 1021.5.

321.    Plaintiff has been damaged in an amount within the jurisdictional limits of this Court.

### VIII.

### EIGHTH CAUSE OF ACTION

### For Retaliation in Violation of Public Policy

### Against Defendant Costco & DOES 1 Through 100

142.    Plaintiff incorporates herein by reference and re-alleges each and every paragraph in this Complaint as though duly set forth in full herein.

143.    Plaintiff performed work in, among other locations, Los Angeles County, at which time she was subjected to the aforementioned and below described unlawful conduct.

144.    Plaintiff was retaliated and wrongfully placed on indefinite leave from Plaintiff's employment on or about March 3, 2020 due to Plaintiff's actual/perceived disability, requests and/or need for medical leave, and/or her aforesaid legally protected activities (complaints/protests against the harassment and discrimination, among others, as aforesaid).

145.    As such, Plaintiff was retaliated and discharged from Plaintiff's employment for reasons that violate a public policy(s).

146.    At all times relevant herein, Plaintiff was employed by Defendant Costco.

147.    As alleged herein, Defendant Costco placed Plaintiff on indefinite leave from Plaintiff's employment.

42

**EXHIBIT A, PAGE 45**

148. Plaintiff wrongfully being placed on indefinite leave caused and continues to cause Plaintiff harm.

149. At all times herein mentioned, the public policy of the State of California, as codified, expressed and mandated by California Government Code §§ 12920 and 12940 et seq., was to prohibit employers from harassing, discriminating, and retaliating against any individual on the grounds of their actual/perceived disability status. This public policy of the State of California is designed to protect all employees and to promote the welfare and well-being of the community at large. The policy inures to the benefit of the public and is fundamental and substantial.

150. At all times herein mentioned, the public policy of the State of California, as codified, expressed and mandated by California Government Code § 12945 et. seq., California Family Rights Act (CFRA), was to prohibit employers from failing to provide medical leave to disabled employees and to prohibit employees from retaliating against an employee for taking extended medical leave. This public policy of the State of California is designed to protect all employees and to promote the welfare and well-being of the community at large. The policy inures to the benefit of the public and is fundamental and substantial.

151. At all times herein mentioned, the public policy of the State of California, as codified, expressed and mandated by California Government Code § 12940 et. seq., was to prohibit employers from failing to engage in the mandatory good-faith interactive process with disabled employees to determine the extent of their disabilities and determine how they could be reasonably accommodated. This public policy of the State of California is designed to protect all employees and to promote the welfare and well-being of the community at large. The policy inures to the benefit of the public and is fundamental and substantial.

152. At all times herein mentioned, the public policy of the State of California, as codified, expressed and mandated by California Government Code § 12940 et. seq., was to prohibit employers from failing to provide reasonable accommodations to disabled employees. This public policy of the State of California is designed to protect all employees and to promote the welfare and well-being of the community at large. The policy inures to the benefit of the public and is fundamental and substantial.

43

**COMPLAINT FOR DAMAGES**

153.    At all times herein mentioned, the public policy of the State of California, as codified, expressed and mandated in Cal. Labor Code §§ 6300 et seq. requires all employers take reasonable steps to provide a safe and secure workplace and to adopt safe practices and procedures.

154.    At all times herein mentioned, the public policy of the State of California, as codified, expressed and mandated by California Labor Code §§ 6300 et seq. and 6400 et. seq., Cal. Health & Saf. Code § 1278.5(g), among others, was to prohibit employers from partaking in unsafe workplace violations including providing employees with adequate safety equipment. This public policy of the State of California is designed to protect all employees and to promote the welfare and well-being of the community at large.

155.    At all times herein mentioned, the public policy of the State of California, as codified, expressed and mandated by California Labor Code § 1102.5 prohibited discrimination and/or retaliation against employees blowing the whistle about their employers' unlawful activities. This public policy of the State of California is designed to protect all employees and to promote the welfare and well-being of the community at large.

156.    Accordingly, the actions of Defendant Costco and DOES 1 through 100, in retaliating against Plaintiff on the grounds alleged and described herein were wrongful and do not promote the welfare and well-being of the community at large.

157.    As a direct and legal result of the acts and omissions of Defendant Costco and DOES 1 through 100, and each of them, Plaintiff was rendered sick, sore, lame, disabled and/or disordered, both internally and/or externally, and suffered, among other things, emotional distress, including but not limited to shock, pain, discomfort and/or anxiety.

158.    As a further legal result of the acts and omissions of Defendant Costco, and DOES 1 through 100, and each of them, Plaintiff has been forced to incur expenses for medical care, X-rays, and/or laboratory costs during the period of Plaintiff's disabilities, and is informed and believes, and/or thereon alleges, that Plaintiff will in the future be forced to incur additional expenses of the same nature, all in an amount which is at present unknown. Plaintiff will pray leave of court to show the exact amount of said expenses at the time of trial. .

159. Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but since said incidents has been unable to engage fully in Plaintiff's occupation, and/or is informed and believes, and thereon alleges, that Plaintiff will be partially and/or fully incapacitated and/or unable to perform Plaintiff's usual work for an indefinite period of time in the future, all to Plaintiff's damages in an amount which is at present unascertained. Plaintiff will pray leave of court to show the total amount of loss of earnings at the time of trial.

160. As a further direct and legal result of the acts of Defendant Costco, and DOES 1 through 100, Plaintiff has been caused, and did suffer, and continues to suffer severe and/or permanent emotional and/or mental distress and anguish, humiliation, embarrassment, fright, shock, pain, discomfort and/or anxiety. The exact nature and extent of said injuries is presently unknown to Plaintiff, who will pray leave of court to assert the same when they are ascertained.

161. The aforementioned acts of Defendant Costco and DOES 1 through 100, and each of them, were willful, wanton, malicious, intentional, oppressive and despicable and were done in willful and conscious disregard of the rights, welfare and safety of Plaintiff, and were done by managerial agents and employees of Defendant Costco, and with the express knowledge, consent, and ratification of managerial agents and employees of Defendant Costco and DOES 1 through 100, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at the time of trial pursuant to Cal. Civil Code § 3294(a) and (b).

162. By the aforesaid acts and conduct of Defendant Costco and DOES 1 through 100, and each of them, Plaintiff has been directly and legally caused to suffer actual damages pursuant to California Civil Code § 3333 including, but not limited to, loss of earnings and future earning capacity, medical and related expenses for care and procedures both now and in the future, attorneys' fees, and other pecuniary loss not presently ascertained, for which Plaintiff will seek leave of court to amend when ascertained.

163. As a result of the unlawful acts of Defendant Costco and DOES 1 through 100, and each of them, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically provided in Cal. C.C.P. § 1021.5. Plaintiff's action enforces important rights affecting the public interest by bringing forth this lawsuit to ensure Defendant Costco refrains from unlawfully retaliating against their employees, thereby conferring a significant benefit on

the general public's health and well-being as a result. The necessity and financial burden of this private enforcement, as well as the interest of justice, entitles Plaintiff to reasonable attorneys' fees and costs under Cal. C.C.P. § 1021.5.

164.   Plaintiff has been damaged in an amount within the jurisdictional limits of this Court.

WHEREFORE, PLAINTIFF EVA VAZQUEZ prays for judgment against the Defendants, and each of them, as follows:

1.   For general damages in an amount within the jurisdictional limits of this Court;

2.   For special damages in an amount within the jurisdictional limits of this Court;

3.   For medical expenses and related items of expense, according to proof;

4.   For loss of earnings, according to proof;

5.   For consequential and incidental damages according to proof;

6.   For prejudgment interest according to proof;

7.   For declaratory relief;

8.   For injunctive relief;

9.   For damages, penalties and attorneys' fees and costs of suit as provided for by Cal. Gov. Code § 12965(b);

10. For civil penalties for each violation of Cal. Lab. Code § 1102.5.

11. For damages, penalties and costs of suit as provided for by California Civil Code § 3333;

12. For damages, penalties and reasonable attorneys' fees and costs of suit against Defendant Costco as provided for by California Code of Civil Procedure § 1021.5, according to proof;

13. For such other and further relief as the Court may deem just and proper.

Dated: January 28, 2021                                **REISNER & KING LLP**

By: _____
TRAVIS BECK
Attorneys for PLAINTIFF
EVA VAZQUEZ

EXHIBIT A, PAGE 49



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

December 15, 2020

RE:   **Notice of Filing of Discrimination Complaint**
      DFEH Matter Number: 202012-12094415
      Right to Sue: Eva / COSTCO WHOLESALE CORPORATION et al.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit.
This case is not being investigated by DFEH and is being closed immediately. A copy of
the Notice of Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to DFEH is requested or required.

Sincerely,


Department of Fair Employment and Housing

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**
**BEFORE THE STATE OF CALIFORNIA**
**DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING**
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)

**In the Matter of the Complaint of**

Vazquez Eva

DFEH No. 202012-12094415

Complainant,

vs.

COSTCO WHOLESALE CORPORATION
5401 Katella Avenue
Cypress, California 90720

Allan Manager
,

Julie Human Resources
,

Gus Warehouse Manager
,

Alla Manager
,

Respondents

1. Respondent **COSTCO WHOLESALE CORPORATION** is an **employer COSTCO WHOLESALE CORPORATION** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2. Complainant is naming **Allan Manager** as individual Co-Respondent(s).

Complainant is naming **Julie Human Resources** as individual Co-Respondent(s).

Complainant is naming **Gus Warehouse Manager** as individual Co-Respondent(s).

Complainant is naming **Alla Manager** as individual Co-Respondent(s).

3. Complainant **Vazquez Eva**, resides in the City of **Sherman Oaks,** State of **California.**

-1-
*Complaint – DFEH No. 202012-12094415*

Date Filed: December 15, 2020

4. Complainant alleges that on or about **June 3, 2020**, respondent took the following adverse actions:

**Complainant was harassed** because of complainant's family care or medical leave (cfra) (employers of 50 or more people), disability (physical or mental), medical condition (cancer or genetic characteristic), other, association with a member of a protected class.

**Complainant was discriminated against** because of complainant's family care or medical leave (cfra) (employers of 50 or more people), disability (physical or mental), medical condition (cancer or genetic characteristic), other, association with a member of a protected class and as a result of the discrimination was terminated, denied hire or promotion, reprimanded, denied equal pay, suspended, demoted, asked impermissible non-job-related questions, denied any employment benefit or privilege, denied reasonable accommodation for a disability, denied family care or medical leave (cfra) (employers of 50 or more people), denied work opportunities or assignments, denied or forced to transfer.

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment, requested or used a disability-related accommodation, participated as a witness in a discrimination or harassment complaint, requested or used leave under the california family rights act or fmla (employers of 50 or more people) and as a result was terminated, denied hire or promotion, reprimanded, denied equal pay, suspended, demoted, asked impermissible non-job-related questions, denied any employment benefit or privilege, denied reasonable accommodation for a disability, denied family care or medical leave (cfra) (employers of 50 or more people), denied work opportunities or assignments, denied or forced to transfer.

**Additional Complaint Details:** Ms. Vazquez has been employed by Costco from 2001 until the present, and continuing, as a Front-End Assistant. As discussed in further detail below, throughout Ms. Vazquez's employment with Costco, she has been harassed, discriminated, and retaliated against due in substantial part to her actual/perceived disabilities and need for accommodation, ultimately being forced out on an indefinite medical leave due to her work restrictions, and for protesting and complaining in violation of the FEHA.

In or around 2013, Ms. Vazquez sustained injuries to her lower back at work, which she immediately reported to her Supervisor, Rosa, and her Manager, Miguel Hernandez. Ms. Vazquez consequently underwent surgery in which screws were place in her back and was thereafter out on medical for approximately two (2) years. Upon Ms. Vazquez's return to work in or around 2015, she worked her way up from four-hour shifts back up to eight-hour shifts.

However, in or around August 2019, Ms. Vazquez sustained disabilities to her feet and went out on medical leave for approximately two months as a result thereof. Upon Ms. Vazquez's return to work in or around October 2019, Manager Gus began to leer and stare at her on a severe and/or pervasive basis due in substantial part to Ms. Vazquez's disabilities and/or need for medical leave. Furthermore, Manager Gus was short with Ms. Vazquez, would

-2-
*Complaint – DFEH No. 202012-12094415*

Date Filed: December 15, 2020

**EXHIBIT A, PAGE 52**

1  rarely talk to or ignore her, and purposely distanced himself from Ms. Vazquez, directly
2  evidencing his discriminatory and retaliatory animus.

3  In or around November 2019, Ms. Vazquez took a medical leave of absence due to
   disabilities she sustained to her hips, returning approximately three (3) weeks later with
   restrictions of no sweeping. In response to Ms. Vazquez's medical work restrictions, morning
4  Managers Gus, Jessica, Angel, and Salvador all became visibly upset with her, making
   comments in an angry tone and questioning her restrictions by asking "Why can't you
5  sweep?" "You have restrictions for sweeping?" among other similar comments/questions.

6
   Thereafter, in or around January 2020, Ms. Vazquez was given permanent restrictions of no
7  sweeping, which she gave to HR Representative Julie. Nonetheless, Ms. Vazquez was able
   to continue working by performing stock, standing at the doors, folding clothes, and re-
8  wrapping. Ms. Vazquez attempted to transfer to the optical department but was denied by
   Manager Eddie Robles, who stated that Costco's policy meant she needed a special
9  license. However, Ms. Vazquez knew of at least three people who were working in Optical
   without the required license, directly evidencing Manager Robles' discriminatory and
10 retaliatory animus with respect to Ms. Vazquez's disabilities, need for accommodation,
   and/or need for medical leave.
11
   On or about February 15, 2020, Ms. Vazquez was called into a meeting with Manager
12 Robles and HR Representative Julie. During this meeting, Manager Robles and HR Rep
   Julie unlawfully attempted to force Ms. Vazquez to take her job description to her doctor so
13 that her doctor would modify her restrictions in accordance with her full job duties. Manager
   Robles told Ms. Vazquez in a threatening manner, "You need to take this paper to the doctor
14 and show him this paper," and further stated that it is "not fair for other people to do their
   day-to-day tasks and that you need assistance or are exempt from certain tasks due to your
15 restrictions," directly evidencing his discriminatory animus due in substantial part to Ms.
   Vazquez's disabilities and need for accommodation.
16
   On or about March 2, 2020, Ms. Vazquez came into work with a face mask and gloves to
17 protect herself in light of the COVID-19 pandemic. However, Manager Gus unlawfully
   refused to allow Ms. Vazquez to wear her face mask, asking, "Are you sick? No? Then you
18 can't wear your mask. The only people allowed to wear masks are the sick people." Ms.
   Vazquez subsequently engaged in legally protected activity by protesting Manager Gus'
19 safety violation in denying her the ability to wear a mask, "The reason why I am wearing a
   face mask is because my doctors recommended I wear one due to my weak immune
20 system" and "I am also wearing a mask because I have an upcoming surgery and I need to
   be healthy, so I am taking care of my health."
21
   The very next day, on or about March 3, 2020, Ms. Vazquez was summoned to a "job
22 assessment review meeting" with Managers Allan and Jessica, where it was erroneously
23 determined she was unable to perform the essential functions of her position as a Front-End
   Assistant. In fact, Ms. Vazquez was able to continue working as she had since January
24 2020 by working the door, re-wrapping, folding, and walking to check the refrigerators. Ms.
25 Vazquez was ultimately forced out on leave indefinitely by Costco because she could not

26

27                                     -3-
                          Complaint – DFEH No. 202012-12094415
28 Date Filed: December 15, 2020

work without accommodations and due to her disabilities, and because she had protested Manager Gus' unlawful conduct.

Precluding employees from returning to work under "100% healed policies" are per se violations of the ADA. "100% healed" or "fully healed" policies discriminate against qualified individuals with disabilities because such policies permit employers to substitute determination of whether qualified individuals are "100% healed" from their injury for the required individual assessment whether qualified individuals are able to perform essential functions of his or her job either with or without accommodation. Americans with Disabilities Act of 1990, § 2 et seq., 42 U.S.C.A. § 12101 et seq.; McGregor v. National R.R. Passenger Corp. (9th Cir. 1999) 187 F.3d 1113. Here, Costco forced Ms. Vazquez out on leave because she could not work without accommodations, effectively precluding her from working, despite the fact that she was able to continue working in the same capacity she had been working for since January 2020.

Moreover, under the FEHA, an employer must engage in an informal dialogue with an employee who is actually or even perceived to be disabled in order to determine whether an effective and reasonable accommodation is possible. This dialogue is designed to assess the extent of the employee's limitations before the company may deem them unable to work and is legally mandated even where the employee is not actually disabled. This dialogue would have notified Costco that Ms. Vazquez was able to continue working in the same capacity, with reasonable accommodations and assistance as needed.

Despite its duty under the FEHA, at no time did Costco engage in the mandatory good faith interactive process to determine the nature and extent of Ms. Vazquez's disability(s) and determine how she could have been accommodated.  Employers who are aware of an employee's disabilities have an affirmative duty to make reasonable accommodations for such disabilities.  This duty arises even if the employee has not requested any accommodation. Costco's failure to engage in the interactive process is an independent violation of the FEHA, as is its failure to provide Ms. Vazquez with a reasonable accommodation.

The FEHA explicitly prohibits such harassment, discrimination, and retaliation in the workplace on account of protected classes and categories. It is an unlawful employment practice for an employer to harass, discriminate, and/or retaliate against an employee because of an individual's perceived/actual disabilities. See generally Cal. Gov. Code § 12940.

Therefore, by harassing, discriminating, and retaliating against Ms. Vazquez based on her disabilities, Costco was in violation of the FEHA.

Ms. Vazquez also engaged in legally protected activity by protesting Manager Gus' unlawful conduct when he refused to allow her to wear her face mask in spite of the ongoing COVID-19 pandemic. However, rather than investigate Ms. Vazquez's claims, Costco forced Ms. Vazquez out on indefinite leave the very next day, as retaliation for her complaints. Indeed, the temporal proximity between Ms. Vazquez's engaging in legally protected activity and her termination implies an unlawful correlation.

*Complaint – DFEH No. 202012-12094415*

Date Filed: December 15, 2020

As such, by retaliating against Ms. Vazquez due to her complaints about and protests against the aforesaid numerous violations of law, Costco was in violation of California's whistleblower statute, which generally prohibits retaliation against employees who refuse to violate or complain about violations of the law.

-5-
*Complaint – DFEH No. 202012-12094415*

Date Filed: December 15, 2020

VERIFICATION

I, **Adam Reisner**, am the **Attorney** in the above-entitled complaint.  I have read the foregoing complaint and know the contents thereof.  The matters alleged are based on information and belief, which I believe to be true.

On December 15, 2020, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Sherman Oaks**

-6-
*Complaint – DFEH No. 202012-12094415*

Date Filed: December 15, 2020



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                       GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                          KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

December 15, 2020

Vazquez Eva
C/O Reisner & King LLP 15303 Ventura Blvd., Suite 1260
Sherman Oaks, California 91403

RE:     **Notice of Case Closure and Right to Sue**
        DFEH Matter Number: 202012-12094415
        Right to Sue: Eva / COSTCO WHOLESALE CORPORATION et al.

Dear Vazquez Eva:

This letter informs you that the above-referenced complaint was filed with the
Department of Fair Employment and Housing (DFEH) has been closed effective
December 15, 2020 because an immediate Right to Sue notice was requested. DFEH
will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the Fair
Employment and Housing Act against the person, employer, labor organization or
employment agency named in the above-referenced complaint. The civil action must be
filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment
Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this
DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act,
whichever is earlier.

Sincerely,


Department of Fair Employment and Housing

**EXHIBIT A, PAGE 57**

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>01/28/2021<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: __H. Flores-Hernandez__ Deputy |
| NOTICE OF CASE ASSIGNMENT<br><br>UNLIMITED CIVIL CASE | |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>21STCV03541 |

## THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Susan Bryant-Deason | 52 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on  01/29/2021
 (Date)

LACIV 190 (Rev 6/18)
LASC Approved 05/06

Sherri R. Carter, Executive Officer / Clerk of Court

By H. Flores-Hernandez                    , Deputy Clerk

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

**EXHIBIT A, PAGE 58**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

**EXHIBIT A, PAGE 59**

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

**MAY 03 2019**

Sherri R. Carter, Executive Officer/Clerk

By _____, Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| IN RE LOS ANGELES SUPERIOR COURT ) <br> – MANDATORY ELECTRONIC FILING ) <br> FOR CIVIL ) <br> ) <br> ) <br> ) <br> _____ ) | FIRST AMENDED GENERAL ORDER |

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) **DEFINITIONS**

   a) **"Bookmark"**  A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

   b) **"Efiling Portal"**  The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

   c) **"Electronic Envelope"**  A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

   d) **"Electronic Filing"**  Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

**EXHIBIT A, PAGE 60**

2019-GEN-014-00

e) **"Electronic Filing Service Provider"**   An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court.  (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"**   For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"**   An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"**   A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

a) Trial Court Records

Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format.  Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

b) Represented Litigants

Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

c) Public Notice

The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs.  Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

2

**EXHIBIT A, PAGE 61**

2019-GEN-014-00

d) Documents in Related Cases

Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) **EXEMPT LITIGANTS**

a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) **EXEMPT FILINGS**

a) The following documents shall not be filed electronically:

   i)   Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

   ii)  Bonds/Undertaking documents;

   iii) Trial and Evidentiary Hearing Exhibits

   iv)  Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

   v)   Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

b) Lodgments

Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

3

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

**EXHIBIT A, PAGE 62**

2019-GEN-014-00

1    5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

2     Electronic filing service providers must obtain and manage registration information for persons

3     and entities electronically filing with the court.

4    6) TECHNICAL REQUIREMENTS

5      a) Electronic documents must be electronically filed in PDF, text searchable format when

6       technologically feasible without impairment of the document's image.

7      b) The table of contents for any filing must be bookmarked.

8      c) Electronic documents, including but not limited to, declarations, proofs of service, and

9       exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule

10      3.1110(f)(4). Electronic bookmarks must include links to the first page of each bookmarked

11      item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the

12      bookedmarked item and briefly describe the item.

13      d) Attachments to primary documents must be bookmarked. Examples include, but are not

14      limited to, the following:

15       i)    Depositions;

16       ii)    Declarations;

17       iii)    Exhibits (including exhibits to declarations);

18       iv)    Transcripts (including excerpts within transcripts);

19       v)    Points and Authorities;

20       vi)    Citations; and

21       vii)   Supporting Briefs.

22      e) Use of hyperlinks within documents (including attachments and exhibits) is strongly

23      encouraged.

24      f) Accompanying Documents

25      Each document acompanying a single pleading must be electronically filed as a separate

26      digital PDF document.

27      g) Multiple Documents

28      Multiple documents relating to one case can be uploaded in one envelope transaction.

**EXHIBIT A, PAGE 63**

2019-GEN-014-00

h) Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

a) Filed Date

i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing.  Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted.    (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of:  (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day before the ex parte hearing.

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

**EXHIBIT A, PAGE 64**

2019-GEN-014-00

1    b)  Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the

2         day of the ex parte hearing.  A printed courtesy copy of any opposition to an ex parte

3         application must be provided to the court the day of the ex parte hearing.

4  9)  PRINTED COURTESY COPIES

5    a)  For any filing electronically filed two or fewer days before the hearing, a courtesy copy must

6         be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled.  If

7         the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom

8         by 10:00 a.m. the next business day.

9    b)  Regardless of the time of electronic filing, a printed courtesy copy (along with proof of

10       electronic submission) is required for the following documents:

11       i)    Any printed document required pursuant to a Standing or General Order;

12       ii)   Pleadings and motions (including attachments such as declarations and exhibits) of 26

13          pages or more;

14       iii)  Pleadings and motions that include points and authorities;

15       iv)  Demurrers;

16       v)    Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

17       vi)   Motions for Summary Judgment/Adjudication; and

18       vii)  Motions to Compel Further Discovery.

19    c)  Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of

20       additional documents.  Courtroom specific courtesy copy guidelines can be found at

21       www.lacourt.org on the Civil webpage under "Courtroom Information."

22  10)  WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

23    a)  Fees and costs associated with electronic filing must be waived for any litigant who has

24       received a fee waiver.  (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. §

25       1010.6(d)(2).)

26    b)  Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure

27       section 1010.6, subdivision (b)(6), and  California Rules of Court, rule 2.252(f), may be

28       electronically filed in any authorized action or proceeding.

EXHIBIT A, PAGE 65

2019-GEN-014-00

1  11) **SIGNATURES ON ELECTRONIC FILING**

2  For purposes of this General Order, all electronic filings must be in compliance with California

3  Rules of Court, rule 2.257. This General Order applies to documents filed within the Civil

4  Division of the Los Angeles County Superior Court.

5

6  This First Amended General Order supersedes any previous order related to electronic filing,

7  and is effective immediately, and is to remain in effect until otherwise ordered by the Civil

8  Supervising Judge and/or Presiding Judge.

9

10  DATED: May 3, 2019        

11                           KEVIN C. BRAZILE

                             Presiding Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

**EXHIBIT A, PAGE 66**

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**

**California Employment
Lawyers Association**

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

**EXHIBIT A, PAGE 67**