ADAM REISNER, ESQ. (SBN 204351)
adam@reisnerlaw.com
TESSA KING, ESQ. (SBN 251408)
tessa@reisnerlaw.com
TRAVIS BECK, ESQ. (SBN 334316)
travis@reisnerlaw.com
REISNER & KING LLP
15303 Ventura Blvd, Suite 1260
Sherman Oaks, California 91403
Phone:  (818) 981-0901
Fax:     (818) 981-0902

Attorneys for Plaintiff **EVA VAZQUEZ**

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVA VAZQUEZ,<br><br>Plaintiff,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION;<br>EDDIE ROBLES, an individual;<br>ALLAN DOE, an individual;<br>JULIE DOE, an individual;<br>GUS DOE, an individual; and<br>DOES 1 THROUGH 100,<br><br>Defendants. | Case No.: 2:21-cv-02563-PSG-JC<br>Hon. Judge Philip S. Gutierrez, Dept. 6A<br><br>[Los Angeles Superior Court Case No. 21STCV03541]<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND AND REQUEST FOR ATTORNEY FEES AND SANCTIONS IN THE AMOUNT OF \$11,375.00 AGAINST DEFENDANT COSTCO WHOLESALE CORPORATION, AND ITS ATTORNEYS SHEPPARD MULLIN LLP, AND TRAVIS ANDERSON, ESQ. JOINTLY AND SEVERALLY** |

i

|  | Date: | May 10, 2021 |
|  | Time: | 8:30 a.m. |
|  | Dept.: | 6A |
|  | Judge: | Hon. Philip S. Gutierrez |

PLEASE TAKE NOTICE that on May 10, 2021 at 8:30 a.m., or as soon thereafter as this matter may be heard, in Courtroom 6A of the above-entitled Court, located at 350 West 1st Street, Los Angeles, CA, 90012, Courtroom 6A, Plaintiff EVA VAZQUEZ will, and hereby does, move this Court for remand. This motion is made upon the grounds that Defendant Costco Wholesale Corporation's ("Costco") removal notice was defective and improper pursuant to 28 U.S.C. §§ 1332, 1446 and 1447.

This motion to remand is based on the following:

1. Defendant Costco's removal notice is untimely as it was filed after the filing deadline imposed by 28 U.S. Code § 1446.

2. Defendant Costco removal notice is inappropriate when brought only on behalf of Defendant Costco without proper joinder of all served defendants including Eddie Robles who was served on February 3, 2021.

3. Diversity jurisdiction does not exist. Defendants Allan Mar, Eddie Robles, Julie Doe, and Gus Doe, are California citizens, are not a sham defendants nor fraudulently joined, and Defendant has not demonstrated this by clear and convincing evidence. Moreover, since Plaintiff is seeking leave to amend to plead additional causes of action against each Defendant for intentional infliction of emotional distress, as well as add an additional Defendant Brenda Doe, Defendants have not satisfied their burden to establish that Plaintiff could not state additional claims against California Defendants Allan Mar, Eddie Robles, Julie Doe, and Gus Doe

ii

**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND AND REQUEST FOR ATTORNEY FEES AND SANCTIONS IN THE AMOUNT OF $11,375.00 AGAINST DEFENDANT COSTCO WHOLESALE CORPORATION, AND ITS ATTORNEYS SHEPPARD MULLIN LLP, AND TRAVIS ANDERSON, ESQ. JOINTLY AND SEVERALLY**

and/or against Manager Brenda Doe.

4. Defendant Costco fails to establish its principal place of business is outside of California, including under the Supreme Court's "nerve central" test.

5. Defendant Costco fails to provide evidence establishing that the controversy in this case is over $75,000.00.

Although Plaintiff's counsel contacted Defense counsel by detailed letter discussing these issues, Defendant Costco has refused to stipulate to remand despite receiving sufficient case law and legal authority demonstrating that their removal papers were late and not objectively reasonable. In fact, Defendant Costco provided no substantive response to any of the deficiencies listed in Plaintiff's meet and confer letter. (Reisner Declaration ¶5, Exhibit B, Defense Response Letter). As such, an award of reasonable attorney's fees, costs, and sanctions in the amount of $11,375.00 is authorized pursuant to 28 U.S.C. 1447(c) and FRCP 11 against Defendant Costco, against its counsel Sheppard Mullin LLP, and Travis Anderson Esq., Jointly & Severally.

This Motion is based upon this Notice of Motion, the Memorandum of Points and Authorities served and filed herewith, the Declaration of Reisner, Esq., attached hereto, court records and documents, and on all such other oral and documentary evidence as may be received at the hearing of this motion.

DATED: March 31, 2021                REISNER & KING LLP

                                     By:   /s/ Adam Reisner
                                     Adam Reisner
                                     Attorneys for Plaintiff
                                     EVA VAZQUEZ

iii

**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND AND REQUEST FOR ATTORNEY FEES AND SANCTIONS IN THE AMOUNT OF $11,375.00 AGAINST DEFENDANT COSTCO WHOLESALE CORPORATION, AND ITS ATTORNEYS SHEPPARD MULLIN LLP, AND TRAVIS ANDERSON, ESQ. JOINTLY AND SEVERALLY**

# TABLE OF CONTENTS

MEMORANDUM OF POINTS & AUTHORITIES ...................................................1

I. INTRODUCTION ............................................................................................1

II. STATEMENT OF FACTS ...............................................................................2

III. LEGAL AUTHORITY .....................................................................................4

    1. Plaintiff's Motion to Remand Is Appropriate ......................................4

    2. The Burden of Establishing Federal Jurisdiction Is On Defendant Costco ....................................................................................4

IV. LEGAL ARGUMENT.......................................................................................5

    A. Defendant Costco's Removal Papers Are Untimely .................................5

    B. Defendant Costco's Notice of Removal is Improper for Failing to Join All Served Defendants.........................................................................7

    C. Defendant Costco's Notice of Removal Fails to Provide Evidence That Diversity Jurisdiction Exists.......................................................................8

      1. All Individual Defendants In This Action Are California Citizens And, Are Not A Sham Defendant; Defendant Costco Has Not Demonstrated Otherwise By Clear And Convincing Evidence ..................8

      2. Even A Single Incident Of Harassing Conduct Is Sufficient To Create A Triable Of FEHA Harassment ..................................................................9

      3. Our California Supreme Court Has Held That Biased Personnel Decisions Can Be Evidence Of Harassment........................................................14

      4. Defendant Costco Fails To Establish That Plaintiff Cannot Amend The Complaint ..................................................................................................15

      5. Defendant Costco Improperly Attempts To Rely On An Incomplete Deposition As The Basis For Removal Is Improper ..................................17

i

D. Defendant Costco Fails to Produce Evidence Establishing That Defendant Costco is a Citizen Outside of California ..............................19

   1. Defendant Costco Failed to Establish That Its Nerve Center Is Outside of California ..........................................................................................20

E. There Is No Evidence That The Instant Case Is Valued In Excess Of $75,000.00, Defeating Diversity Jurisdiction ........................................21

F. Plaintiff Is Entitled To Her Costs And Attorneys' Fees Incurred In Having to Bring This Motion To Remand As Defendant Costco Refused to Remand.....................................................................................................23

V. CONCLUSION..................................................................................................24

**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND AND REQUEST FOR ATTORNEY FEES AND SANCTIONS IN THE AMOUNT OF $11,375.00 AGAINST DEFENDANT COSTCO WHOLESALE CORPORATION, AND ITS ATTORNEYS SHEPPARD MULLIN LLP, AND TRAVIS ANDERSON, ESQ. JOINTLY AND SEVERALLY**

# TABLE OF AUTHORITIES

## Cases:

*B., Inc. v. Miller Brewing Co.*, 663 F.2d at 549..................................................8

*Bady v. Estate of Woodrow*, 941 F. Supp. 71, 72(N.D. Miss. 1996) ......................23

*Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988) ................................................4

*Doe v. Kerwood*, 969 F2d 165, 168 (5th Cir. 1992 .................................................7

*Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980) ...................5

*Gaus v. Miles, Inc.,* 980 F.2d 564. (9th Cir. 1992) ..................................1, 4, 8, 19

*Gallaher v. Sup.Ct.* 103 Cal.App.3d 666, 673. (1980) ...........................................18

*Good v. Prudential Ins. Co. of Am.* (N.D. Cal. 1998) ..............................................8

*Green v. Amerada Hess Corp.,* 707 F.2d. 201, 205 (5th Cir. 1983) ........................8

*Hamilton Materials. Inc. v. Dow Chemical,* 494 F.3d 1203, 1206 (9th Cir. 2007) ...................................................................................................................9

*Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1186 (2010) ............................................19

*Industrial Tectonics, Inc. v. Aero Alloy,* 912 F.2d 1090, 1094 (9th Cir. 1990) .... 20

*Janken v. GM Hughes Electronics*, 46 Cal. App. 4th 55. 64-65 (1996) .................14

*Kenneth Rothschild Trust v. Morgan Stanley Dean Witter,* 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) ..........................................................................................22

*Kruso v. International Telephone & Telegraph Corp.*, F.2d 1416. (9th Cir. 1989) ...............................................................................................................1, 19

*Luther v. Countrywide Home Loans Servicing,* LP 533 F.3d at 1031, 1034 (9th Cir. 2008) ....................................................................................................................5

*McPhail v. Deere & Co.,* 529 F.3d 947, 956 (10th Cir. 2008) ..............................20

*Miller v. Grgurich*, 763 F.2d 372, 373 (9th Cir. 1985) ..........................................20

*Mokler v. County of Orange*, 157 Cal. App. 4th 121, 145 (2007) ...........................9

*Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) ........5

*Nasrawi v. Buck Consultants, LLC,* 776 F.Supp.2d 1166, 1170 (E.D. Cal. 2011) ..................................................................................................................16

*Nazir v. United Airlines, Inc.* 178 Cal.App.4th 243 (2009) ...................................10

*Padilla v. AT & T Corp.*, 697 F.Supp.2d, 1159 (C.D. Cal. 2009) ......................1, 15

*Parrino v. FHP, Inc.,* 146 F3D 699, 703 (9th Cir. 1998) .........................................7

*Plute v. Roadway Package System, Inc.,* 141 F. Supp. 2d 1005, 1008 (N.D. Cal.

**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND AND REQUEST FOR ATTORNEY FEES AND SANCTIONS IN THE AMOUNT OF $11,375.00 AGAINST DEFENDANT COSTCO WHOLESALE CORPORATION, AND ITS ATTORNEYS SHEPPARD MULLIN LLP, AND TRAVIS ANDERSON, ESQ. JOINTLY AND SEVERALLY**

2001) ..........................................................................................................9

*Polk v. Polk* 39 Cal.Rptr. 824, 228 Cal.App.2d 763 ...............................................18

*Provincial Gov't of Mardinuque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th
Cir. 2009) ...............................................................................................................5

*Prize Frize, Inc. v. Martrix (U.S.) Inc.,* 167 F3d 1261, 1266 (9th Cir. 1999) ..........7

*Rangel v. Bridgestone Retail Operations, LLC,* 200 F.Supp.3d 1024, 1033-1034
(C.D. Cal. 2016) .................................................................................................1, 16

*Rader v. Sun Life Assurance Co. of Can.,* 941 F.Supp.2d 1191, 1194 (N.D. Cal.
2013) ....................................................................................................................16

*Roby v. McKesson Corporation,* 47 Cal.4th 686. (2009) ........................................14

*Rockwell Int'l Credit Corp. v. United States Aircraft Ins. Group,* 823 F.2d 302,
304-305 (9th Cir. 1987) ........................................................................................24

*Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir.1996) ..............22

*Travis v. Irby* 326 F.3d 644, 648 (5th Cir. 2003) .....................................................8

**<u>Statutes:</u>**

28 U.S. Code § 1446 ...................................................................................................5

28 USCA § 1447(c) ....................................................................................................4

Cal. <u>Code Civ. Proc</u>. §§ 85-88 ..................................................................................2

Cal. <u>Evid. Code</u> §773 ...........................................................................................2, 18

Cal. <u>Code Civ. Proc</u>. § 2025.330 ...............................................................................2

iv

**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND AND REQUEST
FOR ATTORNEY FEES AND SANCTIONS IN THE AMOUNT OF $11,375.00
AGAINST DEFENDANT COSTCO WHOLESALE CORPORATION, AND ITS
ATTORNEYS SHEPPARD MULLIN LLP, AND TRAVIS ANDERSON, ESQ. JOINTLY
AND SEVERALLY**

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

### I.   <u>INTRODUCTION</u>

Defendant Costco has removed the present case despite several glaring issues with the removal. First, Defendant Costco's removal papers are late, as a notice of removal of a civil action is required to be filed within 30 days of service of the initial complaint pursuant to 28 U.S. Code § 1446. Second, Defendant Costco's removal is improper for failing to properly join all served defendants. Third, Defendant Costco does not meet the federal requirements for diversity jurisdiction. As Plaintiff has valid claims against Defendants Eddie Robles, Allan Mar, Julie Doe, and Gus Doe (collectively "Individual Defendants"), and each is a California resident, there is no complete diversity. Moreover, Defendant Costco has not met their burden of establishing that the Individual Defendants are sham defendants and that removal to federal court is proper. (*See* <u>Kruso v. International Telephone & Telegraph Corp.</u>, F.2d 1416. (9th Cir. 1989); <u>Gaus v. Miles, Inc.</u>, 980 F.2d 564. (9th Cir. 1992). Indeed, Plaintiff pleaded valid causes of action against the Individual Defendants, and Manager Brenda Doe for FEHA harassment. Also, as discussed in detail below, even the possibility to amend a pleading to state a cause of action against an allegedly sham defendant warrants remand. *See* <u>Padilla v. AT & T Corp.</u>, 697 F.Supp.2d, 1159 (C.D. Cal. 2009); <u>Rangel v. Bridgestone Retail Operations, LLC</u>, 200 F.Supp.3d 1024, 1033-1034 (C.D. Cal. 2016).

Fourth, Defendant Costco's Notice of Removal fails to adequately address Defendant Costco's principal place of business. Defendant Costco's only purported "evidence" that Costco's principal place of business is Issaquah, Washington is a conclusory paragraph in Rajski's declaration. This is not admissible evidence, nor does it establish where Defendant Costco's "nerve center" is located (See Plaintiff's

**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND AND REQUEST FOR ATTORNEY FEES AND SANCTIONS IN THE AMOUNT OF $11,375.00 AGAINST DEFENDANT COSTCO WHOLESALE CORPORATION, AND ITS ATTORNEYS SHEPPARD MULLIN LLP, AND TRAVIS ANDERSON, ESQ. JOINTLY AND SEVERALLY**

objection to evidence). Other than that, the only potential "evidence" provided by Defendants is a copy of the Plaintiff's complaint, which does not support the claim that Defendant Costco's principal place of business is outside of California. (Def. Notice of Removal).

Lastly, Defendant Costco fails to produce the required "summary type evidence" needed to establish that the instant controversy is in excess of $75,000.00. (See 28 U.S.C. §1332). In Defendant Costco's Notice of Removal, the only facts raised in support of Defendant Costco's argument is the fact that Plaintiff earned $24.50 per hour and they speculate as to damages, fees and costs. (Def. Notice of Removal ¶ h-i). Notwithstanding speculation, this does not establish that the amount in controversy exceeds $75,000.00. (See Cal. Code Civ. Proc. §§ 85-88). Indeed, Defendant Costco's Notice of Removal includes no facts that actually establish a sum or value exceeding $75,000.00. Thus, this requirement for diversity jurisdiction is not satisfied and Defendant Costco's case cannot remain in federal court on this basis. For these reasons and those stated below, remand is appropriate.

## II.   **STATEMENT OF FACTS**

Plaintiff filed her lawsuit in the Superior Court of the State of California for the County of Los Angeles on January 28, 2021 and served Defendant Costco on February 1, 2021. Defendant Eddie Robles was served on February 3, 2021. (See Reisner Decl. ¶10, Exhibit G Proof of Summons). Thereafter, Defendant Costco filed its Answer and began actively litigating the case in Superior Court. On February 10, 2021, Defendant Costco unilaterally noticed Plaintiff's deposition for February 24, 2021, and Plaintiff was produced on that date and testified consistent with her complaint. (Beck Decl. ¶3-4). Defendant Costco proceeded to spend the next three days deposing Plaintiff and spending a substantial amount of time asking

**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND AND REQUEST FOR ATTORNEY FEES AND SANCTIONS IN THE AMOUNT OF $11,375.00 AGAINST DEFENDANT COSTCO WHOLESALE CORPORATION, AND ITS ATTORNEYS SHEPPARD MULLIN LLP, AND TRAVIS ANDERSON, ESQ. JOINTLY AND SEVERALLY**

questions far beyond the scope of the case, going back to Plaintiff's twenty year employment with Defendant Costco. (Beck Decl. ¶6, 8).  After, the end of the third day, Defendant Costco suspended but did not conclude the deposition. (Beck Decl. ¶9).  Moreover, Plaintiff was deprived the right to make changes to her deposition transcript and Plaintiff's Counsel was denied the opportunity to examine the witness, making the use of her testimony improper for these proceedings. (Beck Decl. ¶10-11).  (See Cal. Evid. Code §773 Cal. Code Civ. Proc. § 2025.330).

On March 16, 2021, Plaintiff's counsel, Adam Reisner, met and conferred with Defendant Costco's counsel regarding taking the depositions of Costco's person most knowledgeable ("PMK") and the Individual Defendants. (See Reisner Decl. ¶3).  Defense counsel stated they would produce the PMK based upon the discussed changes to PMK categories but did not give alternative dates of availability for the deponents. (See Reisner Decl. ¶3) Plaintiff's counsel sent a follow-up email to Defense counsel, Mr. Anderson, on March 23, 2021, to which no response was given. (See Beck Decl. ¶12)

Thereafter, instead of responding, to delay the case, Defendant Costco improperly filed a Notice of Removal Pursuant to 28 U.S.C § 1441(B) (hereinafter "Notice of Removal") on March 24, 2021. (Reisner Declaration ¶ 3). Consequentially, Plaintiff's counsel immediately sent a meet and confer letter on March 24, 2021, which listed out the deficiencies in Defendant Costco's removal. (Reisner Decl. ¶ 4, Exhibit A: Meet and Confer Letter). Defendant Costco responded on March 26, 2021 and refused to stipulate to a remand while providing no substantive discussion as to any of the issues raised in Plaintiff's meet and confer letter. (See Reisner Decl. ¶ 5, Exhibit B: Defendant Response Letter). Plaintiff's counsel now files a motion for remand and sanctions against Defendant Costco. To

**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND AND REQUEST FOR ATTORNEY FEES AND SANCTIONS IN THE AMOUNT OF $11,375.00 AGAINST DEFENDANT COSTCO WHOLESALE CORPORATION, AND ITS ATTORNEYS SHEPPARD MULLIN LLP, AND TRAVIS ANDERSON, ESQ. JOINTLY AND SEVERALLY**

date, Defendant Costco has not agreed to remand the matter, requiring Plaintiff to file this motion. (Reisner Decl. ¶ 12).

## III.   LEGAL AUTHORITY

### 1.   Plaintiff's Motion to Remand Is Appropriate.

If at any time before final judgment it appears the Court lacks subject matter jurisdiction, the court may remand the case to state court either *sua sponte* or on motion of a party.  A motion to remand based on a defect in the removal procedure must be made within 30 days after filing of the notice of removal. 28 U.S.C. § 1447(c).  Here, Plaintiff filed her remand motion within thirty days of the removal date. (See Reisner Decl. ¶ 5). Remand may be ordered either for lack of subject matter jurisdiction or for "any defect in removal procedure." 28 USCA § 1447(c). See Buckner v. FDIC, 981 F.2d 816, 820 (5th Cir. 1993) .

Plaintiff's motion to remand effectively forces Defendant, the party who invoked the federal court's removal jurisdiction, to prove whatever is necessary to support the petition: e.g., the existence of diversity, the amount in controversy, or the federal nature of the claim.  Gaus v. Miles, Inc., 980 F.2d 564, 566 (*supra*) . **Any doubts as to the right of removal must be resolved in favor of remanding the action to state court**. Id. at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance").

### 2.   The Burden of Establishing Federal Jurisdiction Is On Defendant Costco.

Courts must strictly construe removal statutes in favor of state jurisdiction. Boggs v. Lewis, 863 F.2d 662, 663 (9th Cir. 1988). The burden of establishing federal jurisdiction is on Defendant, the parties who sought removal. *See* Wilson v. Republic Iron and Steel Co., 257 U.S. 92, 97 (1921); Salveson v. Westerns States Bankcard Association, 731 F.2d1423, 1426 (9th Cir. 1984). In other words, if a

**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND AND REQUEST FOR ATTORNEY FEES AND SANCTIONS IN THE AMOUNT OF $11,375.00 AGAINST DEFENDANT COSTCO WHOLESALE CORPORATION, AND ITS ATTORNEYS SHEPPARD MULLIN LLP, AND TRAVIS ANDERSON, ESQ. JOINTLY AND SEVERALLY**

plaintiff challenges a defendant's removal of a case, **the defendant bears the burden of establishing the propriety of the removal.** Gaus v. Miles, Inc., 980 F.2d 564, 556 (*supra*), emphasis added. Further, Courts strictly construe the removal statute against removal jurisdiction. *See* Provincial Gov't of Mardinuque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009); Luther v. Countrywide Home Loans Servicing, LP 533 F.3d at 1031, 1034 (9th Cir. 2008). "A defendant seeking removal has the burden to establish removal is proper and any doubt is resolved against removability." Luther, 533 F.3d at 1034; *see also* Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009) ("[A]ny doubt about the right of removal requires resolution in favor of remand.").

## IV.    LEGAL ARGUMENT

### A. Defendant Costco's Removal Papers Are Untimely.

Pursuant to 28 U.S. Code § 1446, the notice of removal must be filed within 30 days after service of the initial complaint. Indeed, 28 U.S. Code § 1446(b)(1) explicitly states:

> **The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant,** through service or otherwise, **of a copy of the initial pleading** setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter. 28 U.S. Code § 1446(b)(1). (emphasis added).

The Ninth Circuit authority has made clear that a case must be remanded upon a determination that the removal was untimely. See Schmitt v. Ins. Co. Of North America, 845 F.2d 1546 (9th Cir. 1988) (holding remand of removed action "became **mandatory** under section 1447(c) once the district court determined that [the] petition for removal was untimely."); See Fristoe v. Reynolds Metals Co., 615 F.2d

5

1209, 1212 (9th Cir. 1980) ("[T]he time limit [for removal under section 1446(b)] is **mandatory** and a timely objection to a late petition will defeat removal...."). (emphasis added.)

In the present case, the initial complaint was filed on January 28, 2021 and served on Defendant Costco on February 1, 2021. (See Beck Decl. ¶13). Plaintiff's complaint provided Defendant Costco with detailed facts regarding Plaintiff's claims, citizenship, and residency. (See Beck Decl. ¶14). Thereafter, instead of filing a notice of removal, Defendant Costco answered the complaint and began actively litigating in Superior Court. (See Beck Decl. ¶15).  Indeed, Defendant Costco served Plaintiff with a deposition notice on February 10, 2021 and scheduled Plaintiff's deposition for February 24, 2021. (Reisner Decl. ¶11, Exhibit H, Vazquez Deposition Notice.). Thereafter, they proceeded to depose Plaintiff for three days, after which the deposition was left open, and thus remains outstanding. (See Beck Decl. ¶9). Further Plaintiff's Counsel was unable to examine Plaintiff. (See Beck Decl. ¶10)   Pursuant to 28 U.S. Code § 1446(b)(1), Defendants' deadline to file a notice of removal was on March 3, 2021—30 days after service of Plaintiff's Complaint. However, Defendant Costco failed to meet this deadline. It was not until 30 days *after* the incomplete deposition took place that Defendant Costco sought to remove the case, at which point it had been well past the 30 days since service of the complaint. (See Beck Decl. ¶16)

In an attempt to justify their late removal, Defendant Costco now claims they were unaware of the basis for removal until Plaintiff's deposition. However, this argument is completely without merit and they fail to distinguish which facts they learned from the deposition which they did not know about from Plaintiff's Complaint. Indeed, Plaintiff's Complaint included facts supporting her causes of

**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND AND REQUEST FOR ATTORNEY FEES AND SANCTIONS IN THE AMOUNT OF $11,375.00 AGAINST DEFENDANT COSTCO WHOLESALE CORPORATION, AND ITS ATTORNEYS SHEPPARD MULLIN LLP, AND TRAVIS ANDERSON, ESQ. JOINTLY AND SEVERALLY**

action against each individual Defendant, which Plaintiff testified to, demonstrating there are no sham defendants (See Beck Decl. ¶9). In addition, Plaintiff's Complaint clearly identified the citizenship of all parties, demonstrating there is no complete diversity. Defendants have no basis for claiming to be unaware of relevant facts until Plaintiff's deposition. Therefore, Defendants' removal is untimely, and this case must be remanded to state court.

## B. Defendant Costco's Notice of Removal is Improper for Failing to Join All Served Defendants.

When there are multiple defendants that have been served and one defendant seeks to remove the case to Federal Court, there must be a proper joinder of all served defendants. All served defendants in a state action normally must join in the notice of removal. (Doe v. Kerwood, 969 F2d 165, 168 (5th Cir. 1992); Parrino v. FHP, Inc., 146 F3D 699, 703 (9th Cir. 1998)). Moreover, when fewer than all served defendants have joined the notice of removal, **the burden is on the removing defendants to explain the absence of the other defendants**. (Prize Frize, Inc. v. Martrix (U.S.) Inc., 167 F3d 1261, 1266 (9th Cir. 1999) ("absent such explanation, removal notice is facially deficient" and defect must be cured within 30 days to avoid remand.").

Here, Defendants Costco's Notice of Removal is brought exclusively by Defendant Costco. However, individual Defendant Eddie Robles, was properly served on February 3, 2021 (see Reisner Decl. ¶10, Exhibit G, Proof of Service of Summons) and was not joined in the removal notice. Furthermore, Defendant Costco's Notice of Removal is completely silent as to why Defendant Robles was not joined. As it stands the failure to properly join or explain the lack of joinder of Defendant Robles leaves Defendant Costco's removal **facially deficient**, and thus, the case should be remanded.

7

**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND AND REQUEST FOR ATTORNEY FEES AND SANCTIONS IN THE AMOUNT OF $11,375.00 AGAINST DEFENDANT COSTCO WHOLESALE CORPORATION, AND ITS ATTORNEYS SHEPPARD MULLIN LLP, AND TRAVIS ANDERSON, ESQ. JOINTLY AND SEVERALLY**

## C. **Defendant Costco's Notice of Removal Fails to Provide Evidence That Diversity Jurisdiction Exists.**

In addition, remand is appropriate in this case as Defendant Costco does not prove by a preponderance of evidence that diversity exists between the parties to the lawsuit, a requirement for removal. To defeat diversity citizenship, the party who invoked the federal court's removal jurisdiction is forced to prove by a preponderance of evidence whatever is necessary to support their petition. Gaus v. Miles, Inc., *supra*, 980 F.2d at 566; see also B., Inc. v. Miller Brewing Co., *supra* 663 F.2d at 549. Here, Defendant Costco is required to prove all parties to the action are citizens of different states or citizens or subjects of a foreign state. 28 USC § 1332(a). Since Plaintiff is a citizen of California, Defendant Costco must prove all Defendants are not citizens of California, which they did not, and can not, do.

### 1. All Individual Defendants In This Action Are California Citizens And, Are Not A Sham Defendant; Defendant Costco Has Not Demonstrated Otherwise By Clear And Convincing Evidence.

Defendant Costco have improperly attempted to remove this case on diversity grounds by claiming that individual defendants Eddie Robles, Allan Mar, Julie Doe, and Gus Doe were "sham" defendants and that their joinder was "fraudulent." To defeat diversity citizenship, "[t]he defendant must demonstrate that there is **no possibility** that the plaintiff will be able to establish a cause of action in State court against the alleged sham defendant." Travis v. Irby 326 F.3d 644, 648 (5th Cir. 2003); see also Good v. Prudential Ins. Co. of Am. (N.D. Cal. 1998). Thus, the burden of proving fraudulent joinder is a heavy one. See Green v. Amerada Hess Corp., 707 F.2d. 201, 205 (5th Cir. 1983). Here, Defendant Costco is unable to meet this heavy burden.

There is a general presumption against fraudulent joinder, and thus fraudulent

8

<strong>PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND AND REQUEST FOR ATTORNEY FEES AND SANCTIONS IN THE AMOUNT OF $11,375.00 AGAINST DEFENDANT COSTCO WHOLESALE CORPORATION, AND ITS ATTORNEYS SHEPPARD MULLIN LLP, AND TRAVIS ANDERSON, ESQ. JOINTLY AND SEVERALLY</strong>

joinder must be shown by **clear and convincing evidence**. See Hamilton Materials. Inc. v. Dow Chemical, 494 F.3d 1203, 1206 (9th Cir. 2007). Further, the court must resolve all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party. See Plute v. Roadway Package System, Inc., 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001).

Accordingly, Defendant Costco's removal papers fail to demonstrate by clear and convincing evidence that Defendants, Eddie Robles, Allan Mar, Julie Doe, and/or Gus Doe are sham defendants. Indeed, each individual defendant is a California citizen, who is alleged to have created a hostile work environment in violation of the Fair Employment and Housing Act by harassing Ms. Vazquez due to her disabilities, which caused Ms. Vazquez to suffer damages. Ms. Vazquez's claims are viable and cannot be dismissed with mere conclusory and unsupported arguments. Rather, her claims are well-recognized California causes of action which have been pleaded with the requisite supporting facts in the complaint.

### 2. Even A Single Incident Of Harassing Conduct Is Sufficient To Create A Triable Of FEHA Harassment.

Looking at Defendant's own removal papers include facts which demonstrate that at least one single incident of harassing conduct occurred in the present case. Where a Plaintiff experiences even a single incident of harassment there can be a cause of action under FEHA for harassment. Defendant Costco cites Mokler v. County of Orange, 157 Cal. App. 4th 121, 145 (2007) ("Simple teasing offhand comments and isolated incidents are insufficient as a matter of matter of law for harassment). However, this is no longer valid law as in 2019 the California Legislature declared its intent in regard to FEHA harassment, identified in Cal. Gov. Code §12923, including that a ***single*** incident of harassing conduct is enough to

9

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND AND REQUEST FOR ATTORNEY FEES AND SANCTIONS IN THE AMOUNT OF $11,375.00 AGAINST DEFENDANT COSTCO WHOLESALE CORPORATION, AND ITS ATTORNEYS SHEPPARD MULLIN LLP, AND TRAVIS ANDERSON, ESQ. JOINTLY AND SEVERALLY

plead. As specified in §12923, "[t]he Legislature hereby declares its intent about harassment . . .

(b) A single incident of harassing conduct is sufficient to create a triable issue regarding the existence of a hostile work environment...

(c) … a discriminatory remark, even if not made directly in the context of an employment decision or uttered by a non-decisionmaker, may be relevant, circumstantial evidence of discrimination….the Legislature affirms the decision in Reid v. Google, Inc. (2010) 50 Cal.4th 512…

(e) Harassment cases are rarely appropriate for disposition on summary judgment…the Legislature affirms…Nazir v. United Airlines, Inc. 178 Cal.App.4th 243 (2009) …hostile working environment cases involve issues "not determinable on paper."

Our Legislature fixed what they saw as legitimate harassment cases being dismissed on demurrer and MSJ by amending the FEHA to add in Cal. Gov. Code §12923 to provide guidance on harassment claims and for these claims to go a jury of Plaintiff's peers. Our Legislature stated:

"a) The purpose of these laws is to provide all Californians with an equal opportunity to succeed in the workplace and should be applied accordingly by the courts. The Legislature hereby declares that harassment creates a hostile, offensive, oppressive, or intimidating work environment and deprives victims of their statutory right to work in a place free of discrimination when the harassing conduct sufficiently offends, humiliates, distresses, or intrudes upon its victim, so as to disrupt the victim's emotional tranquility in the workplace, affect the victim's ability to perform the job as usual, or otherwise interfere with and undermine the victim's personal sense of well-being. In this regard, the Legislature affirms its approval of the standard set forth by Justice Ruth Bader Ginsburg in her concurrence in Harris v. Forklift Systems 510 U.S. 17 (1993)  that in a workplace harassment suit "the plaintiff need not prove that his or her tangible productivity has declined as a result of the harassment. It suffices to prove that a reasonable person subjected to the discriminatory

10

**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND AND REQUEST FOR ATTORNEY FEES AND SANCTIONS IN THE AMOUNT OF $11,375.00 AGAINST DEFENDANT COSTCO WHOLESALE CORPORATION, AND ITS ATTORNEYS SHEPPARD MULLIN LLP, AND TRAVIS ANDERSON, ESQ. JOINTLY AND SEVERALLY**

conduct would find, as the plaintiff did, that the harassment so altered working conditions as to make it more difficult to do the job." (Id. at 26). Cal. Gov. Code § 12923.

The standard for harassment is harassing conduct creates a hostile work environment where it sufficiently offends, humiliates, distresses, **or** intrudes upon the employee to the degree it (i) disrupts the employee's emotional tranquility in the workplace, (ii) affects the employee's ability to perform the job as usual, **or** (iii) otherwise interferes with and undermines the employee's personal sense of well-being. *A single incident of harassing conduct may be sufficient*. The totality of the circumstances must be considered. New Gov. C. § 12923 (eff. 1/1/19); 2019 Update, Cal. Prac. Guide Employment Litigation Highlights (emphasis added). *See also* Gonzalez v. J.S Paluch Co., No. 12-08696-DDP (FMOx), 2013 WL 100210, at 4 (C.D. Cal. Jan. 7, 2013) ("Merely a 'glimmer of hope' that plaintiff can establish [a] claim is sufficient to preclude application of [the] fraudulent joinder doctrine").

With the California Legislature's clear intent in mind, Ms. Vazquez has pleaded and testified to sufficient facts to support her claim for harassment against the individual defendants including "[o]n a severe and/or pervasive basis during Plaintiff's employment with Defendants Costco, and continuing through January 20, 2021, Defendants and DOES 1 through 100, and each of them, harassed Plaintiff due to Plaintiff's actual and/or perceived physical disability(s), need for accommodations, and/or need for legally protected medical leave..." The factual bases for Ms. Vazquez's claims against Individual Defendants include the following:

1. Defendant Eddie Robles' harassing comments and conduct is including, but not limited to, threating Ms. Vazquez, "you need to take this paper to the doctor and show him this paper, if you want to work you need to have the restrictions removed. [It] is not fair for other people to do their day-

11

**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND AND REQUEST FOR ATTORNEY FEES AND SANCTIONS IN THE AMOUNT OF $11,375.00 AGAINST DEFENDANT COSTCO WHOLESALE CORPORATION, AND ITS ATTORNEYS SHEPPARD MULLIN LLP, AND TRAVIS ANDERSON, ESQ. JOINTLY AND SEVERALLY**

to-day tasks and that you need assistance or are exempt from certain tasks due to your restrictions." (See Plaintiff Complaint ¶ 14(k)). Defendants also admit Ms. Vazquez testified that Mr. Robles' did in fact tell Ms. Vazquez it was unfair to other workers because she had medical work restrictions. (Reisner Decl. ¶6, Exhibit C, Vazquez Depo, 233:3-234:15).

2. Defendant Allan Mar's harassing comments and conduct is including, but not limited to threating Ms. Vazquez, "We have no job for you because you have restrictions. Go have your restrictions removed." Additionally, while Defendant Costco cited to Ms. Vazquez testimony that Mr. Mar was purportedly "encouraging," Defense leaves out where Ms. Vazquez testified, Mr. Mar was lying about helping her return to work and further that she did not believe him when he said the supposed "encouraging" comments. (Reisner Decl. ¶6, Exhibit C, Vazquez Depo, 245:20-247:4)

3. Defendant Julie Doe's harassing comments and conduct is including, but not limited to, telling Ms. Vazquez she needed to go to the doctor so that he could remove the medical work restrictions and that unless Ms. Vazquez had her said removed, she wouldn't be able to work. (Reisner Decl. ¶6, Exhibit C, Vazquez Depo, 205:8-206:16). This is further supported by Defendant's own Notice of Removal in which Defendant admits Ms. Vazquez testified Ms. Julie Doe did in fact tell her she needed to have her restrictions removed in order to work. (See Def. Notice of Removal; (Reisner Decl. ¶6, Exhibit C, Vazquez Depo, 205:8-15)

4. Defendant Gus Doe's harassing comments and conduct is including, but not limited to, purposefully ignored and distanced himself from Ms. Vazquez and angrily question her regarding her work restrictions, "[w]hy

12

**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND AND REQUEST FOR ATTORNEY FEES AND SANCTIONS IN THE AMOUNT OF $11,375.00 AGAINST DEFENDANT COSTCO WHOLESALE CORPORATION, AND ITS ATTORNEYS SHEPPARD MULLIN LLP, AND TRAVIS ANDERSON, ESQ. JOINTLY AND SEVERALLY**

can't you sweep? You have restrictions for sweeping?" (See Plaintiff Complaint ¶ 14(h)). Additionally, during Ms. Vazquez's deposition, she testified that repeatedly after she had a doctor's note indicating she couldn't sleep, "a majority of managers changed their attitude with me because I couldn't sleep. . . . "[Gus] was no longer talking to me." (Reisner Decl. ¶6, Exhibit C, Vazquez Depo 195:8-21). And when asked, "[h]e just continued to ignore you," Ms. Vazquez responded with, "yes." (Reisner Decl. ¶6, Exhibit C, Vazquez Depo, 197:13-15).

Furthermore, Defendant Gus Doe would berate Ms. Vazquez for wearing a mask during the COVID-19 pandemic by saying, "Are you sick? No. Then you can't wear a mask. The only people allowed to wear a mask are the sick people." (See Plaintiff Complaint ¶ 14(n)). This is supported by Ms. Vazquez's testimony: "[Gus] said do you have the flu. I said no. So why do you have a mask on; so I told him the thing with Covid is going on and [Gus] says to me, well, if you're not ill and don't have the flu then you have to remove the mask. I told him I was having back surgery soon and I needed to protect myself. [Gus] told me to remove it." (Reisner Decl. ¶6, Exhibit C, Vazquez Depo 188:5-22).

Ms. Vazquez also testified that Gus did not believe in Covid and that he was very direct and blunt. (Reisner Decl. ¶6, Exhibit C, 189:25-190:18) When asked if he was shouting Ms. Vazquez responded with, "No. He was like direct and angry because I had the mask on…. He didn't yell at me. He didn't raise his voice, but his voice was different." (Reisner Decl. ¶6, Exhibit C, 190:17-191:5).

///

13

**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND AND REQUEST FOR ATTORNEY FEES AND SANCTIONS IN THE AMOUNT OF $11,375.00 AGAINST DEFENDANT COSTCO WHOLESALE CORPORATION, AND ITS ATTORNEYS SHEPPARD MULLIN LLP, AND TRAVIS ANDERSON, ESQ. JOINTLY AND SEVERALLY**

### 3. Our California Supreme Court Has Held That Biased Personnel Decisions Can Be Evidence Of Harassment.

In California, it is well recognized that biased personnel decisions can be harassment. Defendant Costco argues that routine personnel actions cannot give rise to a harassment claim citing, Janken v. GM Hughes Electronics, 46 Cal. App. 4th 55. 64-65 (1996). Yet, in Roby v. McKesson, the California Supreme Court held biased personnel management actions can be FEHA harassment. Roby v. McKesson Corporation, 47 Cal.4th 686. (2009). The Court held that biased personnel actions can play a role in harassment claims by: (1) contributing to harassment by communicating a hostile message, and (2) evidencing discriminatory animus on the part of those engaging in offensive behavior. Id. In Roby, the plaintiff had disabilities of panic attacks and took medication that caused body odor, along with sores on her arms due to a nervous disorder. Id. at 695. The Cal. Supreme Court found that Roby's supervisor, who called Roby "disgusting," ostracized Roby in the office, refused to respond to Roby's greetings, made negative facial expressions, **generally excluded her**, and gave her written warnings, were acts that constituted as disability harassment under the FEHA by contributing to the hostile work environment. Id. 708-710. (emphasis added).

Similarly, Ms. Vazquez testified here, the individual defendants' actions including threatening that she could not work without having her medical restrictions removed and attempting to force her to have them removed, with Defendant Eddie Robles even stating, "it was not fair to other coworkers," all demonstrates a hostile message evidencing harassment. (Reisner Decl. ¶6, Exhibit C, 235:24-236:7) Also, as mentioned in both the complaint and in Ms. Vazquez's deposition, Ms. Vazquez testified that she was being treated differently based upon her disabilities, but she could have worked with her accommodations. Ms.

14

**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND AND REQUEST FOR ATTORNEY FEES AND SANCTIONS IN THE AMOUNT OF $11,375.00 AGAINST DEFENDANT COSTCO WHOLESALE CORPORATION, AND ITS ATTORNEYS SHEPPARD MULLIN LLP, AND TRAVIS ANDERSON, ESQ. JOINTLY AND SEVERALLY**

Vazquez's testified that she was able to work doing re-wraps, "I already know my condition and I already found a way to work my department . . . so as to not injure myself." (Reisner Decl. ¶6, Exhibit C, 216:20-25). Ms. Vazquez also testified after she had restrictions, "[Gus] would come by. He would not greet me and I was feeling really bad. I felt sad. Sometimes I felt like crying because I felt ignored." (Reisner Decl. ¶6, Exhibit C, 197:1-3). Ms. Vazquez also stated:

"All the managers would ignore me as if I didn't exist like I was a ghost… They wouldn't tell me anything. They wouldn't tell me when I had a break….they were ignoring me…. I felt at work . . . like, the ugly duckling, like as if I were doing bad things…. I felt like as if it had been my fault that injured my back." (Reisner Decl. ¶6, Exhibit C, 115:25-117:22).

Ms. Vazquez testimony demonstrates clear evidence of general exclusion by management at Costco which includes, Ms. Vazquez's managers, Eddie Robles, Allan Mar, and Gus Doe, which is evidence of the individual defendants' harassment.

### 4. Defendant Costco Fails To Establish That Plaintiff Cannot Amend The Complaint.

Even assuming *arguendo* that Plaintiff did not plead facts sufficient to state a claim against Defendants Eddie Robles, Allan Mar, Julie Doe, and Gus Doe Defendants have not satisfied their burden to establish that Plaintiff could not *amend* her Complaint and allege further facts that *would* state additional, timely claims against Defendant Eddie Robles, Allan Mar, Julie Doe, and Gus Doe. Indeed, "a defendant seeking removal based on an alleged fraudulent joinder must do more than show that the complaint at the time of removal fails to state a claim against the non-diverse defendant." Padilla v. AT & T Corp., 697 F.Supp.2d 1156, 1159 (C.D.

15

Cal. 2009). Instead, **"[t]he defendant must also show that there is *no possibility* that the plaintiff could prevail on any cause of action it brought against the non-diverse defendant."** Id. (emphasis added) (internal quotation marks omitted). In other words, "[r]emand must be granted unless the defendant shows that the plaintiff would not be afforded leave to amend his complaint to cure the purported deficiency." Nasrawi v. Buck Consultants, LLC, 776 F.Supp.2d 1166, 1170 (E.D. Cal. 2011) (alterations and internal quotation marks omitted); see also Rader v. Sun Life Assurance Co. of Can., 941 F.Supp.2d 1191, 1194 (N.D. Cal. 2013) ("The defendant must demonstrate that plaintiff has no possibility of establishing a cause of action in state court against the sham defendant."). **The possibility to amend a pleading to state a cause of action against an allegedly sham defendant warrants remand**. *See* Padilla, 697 F.Supp.2d at 1159; Rangel v. Bridgestone Retail Operations, LLC (C.D. Cal. 2016) 200 F.Supp.3d 1024, 1033–1034. *See also* Nickelberry v. DamilerChrysler Corp., No. C-06-1002 MMC, 2006 WL 997391, AT *1-2 (N.D. Cal. Apr. 17, 206) ("Assuming, *arguendo*, a plaintiff cannot proceed against a defendant under a theory of . . . liability unless such theory is specifically pleaded in the complaint, [defendant] has failed to show that, under California law, [plaintiff] would not be afforded leave to amend her complaint to address the purported pleading deficiency on which [defendant] relies.") It is possible that Plaintiff could cure the insufficiencies of her complaint through amendment – a possibility that has led courts to remand similar cases. *See, e.g.*, Burris v. AT & T Wireless, Inc., No. C 06-02904 JSW, 2006 WL 2038040, at *2 (N.D. Cal. July 19, 2006).

Here, Plaintiff intends to request leave to file an amended complaint in order to plead additional causes of action against Defendants Allan Mar, Eddie Robles,

Julie Doe, and Gus Doe. Specifically, Plaintiff seeks to include causes of action for intentional infliction of emotional distress ("IIED") against both Defendant Costco and each individual defendant. Indeed, Defendants should be held liable for IIED because their harassing comments and conduct were outrageous, and they intentionally and/or recklessly caused Plaintiff to suffer severe emotional distress, for example, by blatantly threatening Plaintiff to have her restrictions removed or else she would not be able to work, and ignoring and excluding her.

Moreover, Plaintiff intends to add Manager Brenda Doe as another new defendant who is also a citizen of California. Manager Brenda Doe's harassing comments and conduct, included but not limited to, yelling at Ms. Vazquez, saying "[w]hat the fuck are you doing…. stop picking the smallest fucking broom." (See Plaintiff's Complaint ¶ 14(d)). Indeed, despite Manager Brenda Doe having knowledge of Ms. Vazquez's work restrictions, she would assign Ms. Vazquez heavy work regardless of Ms. Vazquez complaining that it was too hard with her disabilities. Further, Ms. Vazquez testified, "[Brenda] would address me with bad words…. [s]he says to me, don't you fucking understand…. Why are you talking to me this way and [Brenda] said, how the fuck do you want me to talk to you." (Reisner Decl. ¶6, Exhibit C, 263:15-264:8). These instances demonstrate sufficient facts to amend the complaint and add Brenda Doe as a Defendant.

### 5. Defendant Costco Improperly Attempts To Rely On An Incomplete Deposition As The Basis For Removal Is Improper.

Where Plaintiff's counsel has not been able to examine the witness nor was the witness allowed to make changes to the transcript, the deposition is thus incomplete and unable to be used. Here, Plaintiff's counsel was denied the opportunity to examine Plaintiff at the completion of her deposition, rendering her

17

testimony inadmissible.  (*See* Beck Decl. ¶11).  Where a party is deprived of the ability to cross-examine a witness, by act of the opposite party, testimony given on examination in chief should be stricken. (See Polk v. Polk 39 Cal.Rptr. 824, 228 Cal.App.2d 763. (App. 1 Dist. 1964)) Cal. Evid. Code § 773(a), mandates, "A witness examined by one party may be cross-examined upon any matter within the scope of the direct examination by each other party to the action in such order as the court directs.  Cal. Evid. Code § 773 is applicable to depositions. (See California Code of Civ. Proc. § 2025.330(d)). As such, and pursuant to California Code of Civ. Proc. § 2025.330, the rules of evidence apply here, the testimony of Plaintiff's deposition is made inadmissible as Plaintiff's counsel was denied the opportunity to examine the Plaintiff at the completion of her deposition. **Where a party is deprived of the opportunity to cross-examine, the witness' testimony must be stricken.** Cal. Evid. Code §§ 711, 773; See Gallaher v. Sup.Ct. 103 Cal.App.3d 666, 673. (1980) (emphasis added)

Defendant Costco's entire argument that the Defendants Eddie Robles, Allan Mar, Julie Doe, and Gus Doe are sham defendants is solely and exclusively based on Defense Counsel Travis Anderson's alleged belief that the claims against Defendants, Eddie Robles, Allan Mar, Julie Doe, and Gus Doe are without merit. Mr. Anderson merely relies on attaching partial transcripts, taken out of context, from a three-day deposition in which he spent much of the time asking about irrelevant incidents that have no bearing on the claims pending against the Defendant Costco. (See Beck Decl. ¶8)

Moreover, despite three days' worth of a deposition Mr. Anderson ended the third day with "So we're going to keep the deposition open. I've hit the hard stop time that I have today," indicating that there was no conclusion of the deposition.

18

**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND AND REQUEST FOR ATTORNEY FEES AND SANCTIONS IN THE AMOUNT OF $11,375.00 AGAINST DEFENDANT COSTCO WHOLESALE CORPORATION, AND ITS ATTORNEYS SHEPPARD MULLIN LLP, AND TRAVIS ANDERSON, ESQ. JOINTLY AND SEVERALLY**

(Reisner Decl. ¶6, Exhibit C, 386:15-18). In fact, crucially, Plaintiff was deprived the right to make changes to her deposition transcript and **Plaintiff's Counsel was denied the opportunity to examine the witness** (See Beck Decl. ¶11), thus making the use of her testimony as the sole basis for a removal as entirely improper, an act of bad faith and inadmissible under California law. Unless Plaintiff's counsel has been afforded the opportunity to examine the witness, see Cal. Evid. Code 711, 773, and the witness has the opportunity to make changed to her testimony the deposition its use on removal must not be considered by the Court.

Therefore, Defendant Costco has not met their burden of establishing that the individual Defendants are a sham defendant and that removal to federal court is proper. Further, the *See* Kruso, 872 F.2d at 1426; Gaus, 980 F.2d at 566. As such, Plaintiff's Motion to Remand her case to state court should be granted. Padilla, *supra*, at 1159–1160.

**Thus, because Plaintiff has valid claims against Defendant Eddie Robles, Allan Mar, Julie Doe, Gus Doe and new defendant Brenda Doe, each of which is a California resident, there is no complete diversity.**

**D. Defendant Costco Fails to Produce Evidence Establishing That Defendant Costco is a Citizen Outside of California.**

A corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business. 28 U.S.C.A. § 1332(c)(1). A corporation's principle place of business "refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities," i.e. the "nerve center." Hertz Corp. v. Friend, 130 S. Ct. 1181, 1186 (2010). "(O)ne must keep in mind that the purpose of diversity jurisdiction is to avoid the effects of prejudice against outsiders. Thus, **the principal**

**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND AND REQUEST FOR ATTORNEY FEES AND SANCTIONS IN THE AMOUNT OF $11,375.00 AGAINST DEFENDANT COSTCO WHOLESALE CORPORATION, AND ITS ATTORNEYS SHEPPARD MULLIN LLP, AND TRAVIS ANDERSON, ESQ. JOINTLY AND SEVERALLY**

**place of business should be the place where the corporation conducts the most activity that is visible and impacts the public . . ."  i.e., where it is most noticeably present**. Industrial Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1094 (9th Cir. 1990).

Here, the complaint alleges that Defendant Costco's principal place of business, and thus their citizenship, is California. As stated earlier, the court ordinarily will determine removability from the complaint as it existed at the time of removal, together with the removal notice. Only if the complaint is unclear as to grounds for removal, will it be proper to consider the entire record of the state proceedings. Miller v. Grgurich, 763 F.2d 372, 373 (9th Cir. 1985); see also McPhail v. Deere & Co., 529 F.3d 947, 956 (10th Cir. 2008).

### 1. Defendant Costco Failed to Establish That Its Nerve Center Is Outside of California.

The United States Supreme Court has made it clear; "**the burden of persuasion for establishing diversity jurisdiction, or course, remains on the party asserting it**." Hertz Corp. v. Friend, 559 US 77, 96 (2010) (emphasis added). Proof may consist of annual reports or other documents showing where the corporation's business activities are directed, including product development, exporting, marketing, production, research, service, etc. (Id. at 96–97) (holding the mere filing of a form like the Securities and Exchange Commission's Form 10–K listing a corporation's "principal executive offices" without more, would be insufficient proof to establish a corporation's "nerve center"). Id. at 97.

**Here, Defendant Costco fails to provide adequate evidence demonstrating that Costco Wholesale Corporation principal place of business is outside of California.** Indeed, Defendant Costco's entire argument relies on a conclusory sentence by Ms. Rajski, the company's VP of Human Resources,

20

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND AND REQUEST FOR ATTORNEY FEES AND SANCTIONS IN THE AMOUNT OF $11,375.00 AGAINST DEFENDANT COSTCO WHOLESALE CORPORATION, AND ITS ATTORNEYS SHEPPARD MULLIN LLP, AND TRAVIS ANDERSON, ESQ. JOINTLY AND SEVERALLY

claiming that Defendant's principal place of business is located in Issaquah, Washington, without any supporting documentation. Def. Notice of Removal; Rajski Decl. ¶ 5). The only other evidence addressing Defendant Costco's principal place of business is Plaintiff's complaint, which does not support Defendants' claim that the principal place of business is outside of California, and in fact, states the opposite. (Def. Notice of Removal). Defendant Costco does not attach annual reports or other documents to meet their burden to prove that their "nerve central" is outside of California, and therefore fail to meet their burden.

Moreover, upon a Business search on Westlaw for "Costco Wholesale Corporation" on the Business Overview page it details that Defendant Costco is incorporated in California. (Reisner Decl. ¶8, Exhibit E, Westlaw Business Search). Additionally, Defendant Costco itself via Costco.com details that California has nearly four times the number of stores compared to Washington, thereby making California the state where it most predominately conducts its business. (Reisner Decl. ¶9, Exhibit F, Costco.com - Warehouse By State).

Therefore, since the burden remains with Defendant Costco and it has failed to adequately supported their position that Defendant Costco's principal place of business is in Washington, the Court should remand for lack of diversity of citizenship.

**E. There Is No Evidence That The Instant Case Is Valued In Excess Of $75,000.00, Defeating Diversity Jurisdiction.**

Assuming *arguendo* that the Court finds diversity between Plaintiff and Defendant Costco, the case must still be remanded as **no evidence exists to prove Plaintiff's claims exceed $75,000.00**. Diversity jurisdiction exists only "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest

21

**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND AND REQUEST FOR ATTORNEY FEES AND SANCTIONS IN THE AMOUNT OF $11,375.00 AGAINST DEFENDANT COSTCO WHOLESALE CORPORATION, AND ITS ATTORNEYS SHEPPARD MULLIN LLP, AND TRAVIS ANDERSON, ESQ. JOINTLY AND SEVERALLY**

and costs…" See 28 USC § 1332(a). "'In cases where a plaintiff's state court complaint does not specify a particular amount of damages, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds $[75,000.00].'" Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir.1996) . Here, Plaintiff's complaint does not specify a particular amount of damages. To dispute this, the defendant must submit summary-judgment type evidence to establish that the actual amount in controversy exceeds $75,000." Kenneth Rothschild Trust v. Morgan Stanley Dean Witter, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002).

Here, Defendant Costco fails to establish summary type evidence that this case is worth in excess of $75,000.00, especially no "other paper" as required by §1446(b) exists to establish this. In fact, Defendant Costco's Notice of Removal only evidence to support is a Declaration by Vice President of Human Resources for Costco who states that Ms. Vazquez was earning $24.50 an hour when she was placed on leave. (Def. Notice of Removal, Rajski Decl. ¶ 3). There is nothing within the Complaint, nor Defendant Costco's removal that states or demonstrates that the amount in controversy exceeds $75,000.00. Defendant Costco argues that Ms. Vazquez loss of earnings would $98,000 with 23 months of loss earnings yet is entirely based on the assumptions of Defense Counsel without any factual basis. (Def. Notice of Removal). Moreover, Defense counsel's conjecture is based entirely on information available to Defendant Costco prior to Plaintiffs deposition, further demonstrating the untimeliness of Defendant Costco's removal. In fact, Ms. Vazquez has an upcoming meeting with Defendant Costco in which she could very well lead to her return to work, thus, to assume that Ms. Vazquez will remain out of work as the sole basis for amount in controversy is improper. (Reisner Decl. ¶10,

22

Exhibit G, March 23, 2021 Letter from Costco) The remainder of damages that are listed within Defendant Costco's Notice for Removal all have unspecified amounts. (Def. Notice of Removal).

The fact that Plaintiff was earning $24.50 per hour at the time of her being forced on leave, does not establish a sum or value exceeding $75,000.00. (Def. Notice of Removal ¶ 25). Defendant Costco's Notice of Removal includes no facts that actually establish a sum or value exceeding $75,000.00. Thus, this requirement for diversity jurisdiction is not satisfied and Defendant Costco's case cannot remain in federal court on this basis.

**F.   Plaintiff Is Entitled To Her Costs And Attorneys' Fees Incurred In Having to Bring This Motion To Remand As Defendant Costco Refused to Remand.**

On granting a motion to remand, the federal court may order the defendant to pay plaintiff its "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 USC § 1447(c); see Martin v. Franklin Capital Corp. 546 US 132, 136 (2005). Here, Plaintiff met and conferred with Defense counsel, including sending a detailed letter demonstrating the deficiencies in the removal, yet Defendant Costco still did not agree to remand this matter. Defendant Costco provided zero substantive response and failed to address any of the legitimate issues with their removal. (Reisner Decl. ¶ 4-6, Ex. A). Thus, Plaintiff is entitled to her attorney fees and costs as sanctions. See Bady v. Estate of Woodrow, 941 F. Supp. 71, 72(N.D. Miss. 1996)  [Plaintiffs who successfully sought to remand action on grounds that it was improvidently removed were entitled to award of costs and expenses, including attorney fees].  Defendant Costco refused to remand despite Plaintiff's meet and confer letter which listed the discrepancies with the removal and

23

**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND AND REQUEST FOR ATTORNEY FEES AND SANCTIONS IN THE AMOUNT OF $11,375.00 AGAINST DEFENDANT COSTCO WHOLESALE CORPORATION, AND ITS ATTORNEYS SHEPPARD MULLIN LLP, AND TRAVIS ANDERSON, ESQ. JOINTLY AND SEVERALLY**

gave no substantive response to the letter. (See Reisner Decl. ¶4-5, Exhibit A Meet and Confer letter; Exhibit B, Defense Response Letter).

It is not necessary to show that the removing party's position was "frivolous, unreasonable or without foundation." Martin v. Franklin Capital Corp., supra, 546 US at 138, 126 S.Ct. at 710. It is immaterial that the attorney signing the removal subjectively (in "good faith") believed the facts alleged were correct if they had no objectively reasonable basis for such relief. Rockwell Int'l Credit Corp. v. United States Aircraft Ins. Group, 823 F.2d 302, 304-305 (9th Cir. 1987). Because this removal was not based upon objectively reasonable grounds, as demonstrated by Defendant Costco's failure to properly meet and confer and remand the matter back to state court, sanctions are appropriate.

Here, Plaintiff's counsel, Adam Reisner, 12 hours in the preparation of this motion and intends to spend 3 more hours composing a reply to Defendant Costco's Opposition papers. (Reisner Decl. ¶ 13). Mr. Reisner reasonably expects to spend an additional 3 hours attending the hearing in this matter. Mr. Reisner's hourly rate is $650.00 per hour. (Reisner Decl. ¶ 16). Therefore, Mr. Reisner requests attorneys' fees for 15 hours of work at $650 an hour for $9,750.00 in attorneys' fees. (Reisner Decl. ¶ 14). Mr. Reisner also spent 2.5 hours in preparing Plaintiff's meet and confer letter in this matter with an hourly rate of $650 for an additional amount of $1,625 in attorneys' fees. (Reisner Decl. ¶ 15).

Therefore, in total, Plaintiff requests $11,375.00 in attorney's fees.

### V.  CONCLUSION

For the reasons stated above, Plaintiff respectfully requests that this matter be remanded to the Los Angeles County Superior Court. Plaintiff also requests reimbursement, attorney fees, and sanctions from Defendant Costco, attorney of

24

**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND AND REQUEST FOR ATTORNEY FEES AND SANCTIONS IN THE AMOUNT OF $11,375.00 AGAINST DEFENDANT COSTCO WHOLESALE CORPORATION, AND ITS ATTORNEYS SHEPPARD MULLIN LLP, AND TRAVIS ANDERSON, ESQ. JOINTLY AND SEVERALLY**

record Sheppard Mullin LLP, and Travis Anderson, Esq., jointly & severally for the fees and costs expended in bringing this motion in the amount of $11,375.00, and that sanctions be awarded.

Dated: March 31, 2021                 REISNER & KING LLP

                                      By:   /s/ Adam Reisner
                                      Adam Reisner
                                      Attorneys for Plaintiff
                                      EVA VAZQUEZ

25

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am a resident of the State of California; I am over the age of 18 years and not a party to the within action; my business address is 15303 Ventura Blvd, Suite 1260, Sherman Oaks, CA 91403.

On **March 31, 2021**, I served true copies of the following document(s) described **PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND AND REQUEST FOR ATTORNEY FEES AND SANCTIONS IN THE AMOUNT OF $11,375.00 AGAINST DEFENDANT COSTCO WHOLESALE CORPORATION, AND ITS ATTORNEYS SHEPPARD MULLIN LLP, AND TRAVIS ANDERSON, ESQ. JOINTLY AND SEVERALLY** on the following interested parties in this action:

Travis J. Anderson, Esq.
Gabriella R. Albright, Esq.
Sheppard Mullin Richter & Hampton LLP
12275 El Camino Real, Suite 100
San Diego, California 92130
tanderson@sheppardmullin.com
galbright@sheppardmullin.com
*Attorneys for Defendants*

**X   BY ELECTRONIC FILING:** I hereby certify that on March 31, 2021, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic system to all parties indicated on the electronic filing receipt.

**X   BY MAIL**: I enclosed the document in a sealed envelope/package addressed to the addressees designated and placed it for mailing, following our ordinary business practices. I am readily familiar with the mailing practice of my place of employment in respect to the collection and processing of correspondence and pleadings for mailing. It is deposited with the United States Postal Service on that same day in the ordinary course of business with postage fully prepaid.

**X     (FEDERAL)   I declare under the penalty of perjury that the foregoing is true and correct, and that I am employed at the office of a member of the bar of this Court at whose direction the service was made.**

Executed on **March 31, 2021**, at Sherman Oaks, California.

/s/ Lorina Jasso

Lorina Jasso