UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**            JS-6

| Case No. | CV 21-2563 PSG (JCs) | Date | May 5, 2021 |
|---|---|---|---|
| Title | Eva Vazquez v. Costco Wholesale Corporation at el | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy Hernandez | | Not Reported |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiff(s): | | Attorneys Present for Defendant(s): |
| Not Present | | Not Present |

**Proceedings (In Chambers):** The Court GRANTS Plaintiff's motion to remand.

Before the Court is a motion to remand and request for attorneys' fees filed by Plaintiff Eva Vazquez ("Plaintiff"). *See generally* Dkt. # 12 ("*Mot*."). Defendant Costco Corporation ("Costco") opposed, *see generally* Dkt. # 17 ("*Opp*."), and Plaintiff replied, *see generally* Dkt. # 21 ("*Reply*"). On April 6, 2021, the Court ordered Plaintiff Eva Vazquez ("Plaintiff") to supplement its response to Costco's allegations of fraudulent joinder. *See generally* Dkt # 15. Plaintiff responded on April 14. *See generally* Dkt. # 16 ("*OSC Resp*."). The Court finds the matters appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After reviewing the motion, opposition, reply, and the OSC response, the Court **GRANTS** Plaintiff's motion to remand and **REMANDS** the case to state court. However, the Court **DENIES** Plaintiff's request for attorneys' fees.

I.  Background

Plaintiff, a twenty-year Costco employee, alleges that Eddie Robles ("Robles"), Alan Mar ("Mar")[1], Julie Doe ("J. Doe"), and Gus Doe ("G. Doe") (collectively, "Individual Defendants"), harassed her because of her disabilities. *See generally Complaint*, Dkt. # 3-1, Ex. A ("*Compl*.").[2] Plaintiff suffers various disabilities, including foot and knee disabilities, that require certain restrictions on her ability to work but do not prevent her from performing the essential functions of her job as a Front-End Assistant. *Id*. ¶¶ 9–13.

---

[1] Plaintiff filed the complaint against "Alan Doe." *See generally Complaint*, Dkt. # 3-1, Ex. A ("*Compl*."). On February 2, 2021 Plaintiff filed a substitution of party naming "Alan Mar" in place of Allan Doe. *See Declaration of Travis J. Anderson*, Dkt. # 3 ("*Anderson Decl*."), Ex. C at 71–77.

[2] Plaintiff also alleges that Costco is liable for disability harassment. *See Compl*. at 2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-2563 PSG (JCs) | Date | May 5, 2021 |
|---|---|---|---|
| Title | Eva Vazquez v. Costco Wholesale Corporation at el | | |

In the second half of 2019, Plaintiff took legally protected medical leave on two occasions due to her disabilities. *Id*. ¶ 14.a.–c. Plaintiff was able to return from her second leave with the limited restriction that she refrain from sweeping. *Id*. ¶ 14.c.

Plaintiff alleges the Individual Defendants harassed her upon her return to work. *Id*. ¶ 14. For example, Plaintiff asserts that on February 15, the Individual Defendants called Plaintiff into a meeting and insisted that, if she wanted to work, she needed to acquire documents from her doctor eliminating her work restrictions because she needed to be "100% healed to work her job." *Id*. ¶ 14.j.–k.

On March 3, Plaintiff was forced to take a leave of absence "when Defendants falsely determined that she was unable to perform the essential functions of a Front-End Assistant." *Id*. ¶ 14.o. In addition, Plaintiff was told "there was no job for her at this Costco because of her restrictions." *Id*. ¶ 14.p.

On January 28, 2021, Plaintiff initiated this action against Costco and the Individual Defendants in the Los Angeles County Superior Court. *See generally Compl*. Relevant here is Plaintiff's cause of action against Costco and the Individual Defendants for actual/perceived disability harassment in violation of California's Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code §§ 12490, *et seq*.

Costco asserts it learned that Plaintiff's disability harassment claim was legally deficient after Plaintiff's deposition on February 24, 25, and 26. *Anderson Decl*. ¶ 5. On March 24, Costco removed the action to this Court, arguing that the Individual Defendants were fraudulently joined. *See Notice of Removal*, Dkt. # 1 ("*NOR*"), ¶ 7.

Plaintiff now moves (1) to remand the case to state court and (2) for attorneys' fees and costs in the amount of $11,375 against Costco and its attorneys. *See generally Mot*. Specifically, Plaintiff argues that (1) Costco fails to provide evidence that the Individual Defendants were fraudulently joined, *see id*. 8:1–19:6, (2) Costco's removal is untimely, *see id*. 5:12–7:6, (3) Costco failed to join all served Defendants, *see id*. 7:7–25, (4) Costco fails to produce evidence that Costco is not a citizen of California, *see id*. 19:18–21:19, and (5) there is no evidence that the amount in controversy exceeds $75,000, *see id*. 21:20–23:9. Because Defendants have failed to establish fraudulent joinder, the Court does not address Plaintiff's remaining arguments.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-2563 PSG (JCs) | Date | May 5, 2021 |
|---|---|---|---|
| Title | Eva Vazquez v. Costco Wholesale Corporation at el | | |

## II. Legal Standard

Generally, subject matter jurisdiction is based on the presence of a federal question, *see* 28 U.S.C. § 1331, or on complete diversity of citizenship between the parties, *see* 28 U.S.C. § 1332. For a federal court to exercise diversity jurisdiction, there must be (1) "complete" diversity between the parties and (2) more than $75,000 in controversy. *See Strawbridge v. Curtiss*, 7 U.S. 267, 267 (1806); 28 U.S.C. § 1332(a). When a plaintiff files a case in state court over which the federal courts could have had original jurisdiction, defendants can generally remove the case to federal court. *See* 28 U.S.C. § 1441(a). However, when federal jurisdiction is based on diversity, a case cannot be removed if any of the defendants "is a citizen of the State in which such action is brought." *Id.* § 1141(b).

The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction. *See Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999); *Gaus v. Miles, Inc.*, 980 F.3d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.3d at 566.

## III. Discussion

The Court first addresses whether to remand the case, and then whether to award attorneys' fees.

### A. Remand

Plaintiff argues that Costco has failed to establish fraudulent joinder. *Mot.* 8:1–15:15. The Court agrees.

When a defendant has been fraudulently joined for the purpose of destroying diversity or removal jurisdiction, the court "may ignore the presence of that defendant for the purpose of establishing" jurisdiction. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009). Joinder is fraudulent if the plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Id.* "Fraudulent joinder must be proven by clear and convincing evidence." *Hamilton Materials, Inc. v. Dow Chem. Co.*, 494 F.3d 1203, 1206 (9th Cir. 2007). Furthermore, because courts must resolve all doubts against removal, a court determining whether joinder is fraudulent must resolve all material ambiguities in state law and disputed questions of fact in the plaintiff's favor. *See Mireles v.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-2563 PSG (JCs) | Date | May 5, 2021 |
|---|---|---|---|
| Title | Eva Vazquez v. Costco Wholesale Corporation at el | | |

*Wells Fargo Bank, N.A.*, 845 F. Supp. 2d 1034, 1062 (C.D. Cal. 2012); *Salkin v. United Serv. Auto Ass'n*, 767 F. Supp. 2d 1062, 1065 (C.D. Cal. 2011). Thus, there is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion. *See Salkin*, 767 F. Supp. 2d at 1065.

Here, there is no dispute that Plaintiff and the Individual Defendants are citizens of California. *See Compl.* ¶¶ 1–6. Thus, if the Individual Defendants are proper defendants, remand would be necessary because there would not be complete diversity between the parties.

In a case involving only state-law claims, remand is appropriate if a single, valid, non-diverse cause of action exists. *Christ v. Staples, Inc.*, No. CV 14-07784 MMM JEMX, 2015 WL 248075, at *4 (C.D. Cal. Jan. 20, 2015). Accordingly, the issue before the Court is whether "there is a *possibility* that a state court would find that [the harassment claim] is adequately alleged" against at least one of the Individual Defendants. *See Loi Ngo v. United Airlines, Inc.*, No. 19-CV-04277-JCS, 2019 WL 6050832, at *1 n.2 (N.D. Cal. Nov. 15, 2019) (quoting *Grancare, LLC v. Thrower ex rel. Mills*, 889 F.3d 543, 548 (9th Cir. 2018)).

Costco claims Plaintiff's deposition testimony makes clear that she cannot maintain a disability harassment claim against any of the Individual Defendants because their conduct was not "severe or pervasive" enough to constitute harassment. *Opp.* 8:12–16. The Court disagrees.

Under FEHA, it is unlawful "[f]or an employer . . . or any other person, because of . . . physical disability, mental disability, medical condition . . . [or] age . . . to harass an employee." Cal. Gov't Code § 12940(j). "[H]arassment consists of conduct outside the scope of necessary job performance, conduct presumably engaged in for personal gratification, because of meanness or bigotry, or for other personal motives." *Roby v. McKesson Corp.*, 47 Cal. 4th 686, 707 (2009) (citations and internal quotation marks omitted). Harassment is "generally concerned with the *message* conveyed to an employee, and therefore with the social environment of the workplace, whereas discrimination is concerned with explicit changes in the terms or conditions of employment." *Id.*

For harassment to be actionable, "it must be sufficiently severe or pervasive 'to alter the conditions of the victim's employment and create an abusive working environment.'" *Aguilar v. Avis Rent A Car Sys., Inc.*, 21 Cal. 4th 121, 130 (1999) (quoting *Meritor Sav. Bank v. Vinson*, 477 U.S. 57, 67 (1986)). In 2019, the California Legislature clarified that "[a] single incident of harassing conduct is sufficient to create a triable issue regarding the existence of a hostile work environment if the harassing conduct has unreasonably interfered with the plaintiff's work

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-2563 PSG (JCs) | Date | May 5, 2021 |
|---|---|---|---|
| Title | Eva Vazquez v. Costco Wholesale Corporation at el | | |

performance or created an intimidating, hostile, or offensive environment." *See* Cal. Gov't Code § 12923(b).

Because Plaintiff must assert disability harassment against just one of the Individual Defendants to render removal improper, *see Loi Ngo*, 2019 WL 6050832, at *5, the Court focuses on Plaintiff's testimony regarding Robles. Plaintiff testified that Robles instructed her that she would have to remove her restrictions in order to continue working. *OSC Resp.* 6:1–7:18; *Mot.* 11:22–12:5; *Opp.* 11:14–26; *Declaration of Travis Beck*, Dkt. # 16-1, Ex. A ("*Vazquez Depo.*"), 233:22–24 (Robles informed Plaintiff she was "going to have to change [her] restrictions if [she] wanted to continue working"). Robles also told Plaintiff that her restrictions were unfairly impacting her coworkers. *Vazquez Depo.* 234:19–21 (Robles said "it wasn't fair that [Plaintiff's] other coworkers should have to do [her] work because [she] had restrictions"); *id*. 236:3–4 (Robles told Plaintiff that her coworkers "had to work double" due to Plaintiff's restrictions).

Policies requiring an employee to be "100% healed" before returning to work are per se violations of disability discrimination law. *See McGregor v. Nat'l R.R. Passenger Corp.*, 187 F.3d 1113, 1116 (9th Cir. 1999). And while Plaintiff brings claims for disability *harassment* against the Individual Defendants, rather than disability *discrimination*, harassment and discrimination under the FEHA "are sometimes closely interrelated, and even overlapping, particularly with regard to proof." *See Roby*, 47 Cal. 4th at 707. Thus, Robles' statements requiring Plaintiff to remove her restrictions in order to work, which may constitute per se disability discrimination, combined with Robles' statements making Plaintiff feel bad that others were being asked to work harder or carry her load, could "send a message" to Plaintiff that she was not welcome because of her disability. *See Doe v. Wells Fargo Bank, N.A.*, No. CV 19-5586-GW-PLAX, 2019 WL 3942963, at *6 (C.D. Cal. Aug. 19, 2019) ("[P]ersonnel management actions can still constitute harassment to the extent the actions send a harassing message."). This possibility is sufficient to overcome Costco's allegations of fraudulent joinder. *See Gonzalez v. J.S. Paluch*, No. CV 12–08696 DDP, 2013 WL 100210, at *4 (C.D. Cal. January 7, 2013) ("Merely a 'glimmer of hope' that plaintiff can establish [a] claim is sufficient to preclude application of the fraudulent joinder doctrine." (internal citations and quotations omitted)).

Costco's arguments to the contrary are unavailing.

First, Costco argues that "a single conversation with Plaintiff in the course of a job accommodation review meeting cannot constitute harassment." *Opp*. 11:27–28. According to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-2563 PSG (JCs) | Date | May 5, 2021 |
|---|---|---|---|
| Title | Eva Vazquez v. Costco Wholesale Corporation at el | | |

Costco, this is particularly true here because the conversation occurred "within the context of making and conveying a personnel management decision." *Id*. 11:28–12:2. This argument ignores that the California Legislature recently amended FEHA by adding Cal. Gov't Code § 12923(b), which states that a single incident may be enough to constitute a hostile work environment in the context of a workplace harassment claim. *See* Cal. Gov't Code § 12923(b). Further, Costco has not established that an employer's comments during a job accommodation meeting can *never* be considered harassment, particularly here, where Plaintiff alleges Robles made comments that could be construed as beyond the scope of an accommodation meeting (i.e. the impact of Plaintiff's disability on her co-workers). *See Roby*, 47 Cal. 4th at 708 (finding that personnel management actions may be considered in support of a harassment claim).

Second, Costco insists that Robles' comments were "not derogatory, or objectively offensive," and that they were "objectively true" because Plaintiff admitted that her restrictions precluded her from performing the essential functions of her job. *Opp*. 12:13–17. The Court is unwilling to rule as a matter of law that Robles' statements are not offensive. This is a determination best left to the trier of fact. Additionally, Costco fails to cite any support for the argument that "objectively true" statements cannot be deemed harassment.

Accordingly, because Robles was not fraudulently joined, his citizenship must be considered for diversity purposes. And because Robles and Plaintiff are both citizens of California, diversity jurisdiction is lacking. *See Carden*, 494 U.S. at 187 (requiring complete diversity of citizenship).[3]

B.  Attorneys' Fees

Where a plaintiff is successful on a remand motion, the court may order the defendant to pay plaintiff its "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Supreme Court has specified that "the standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

---

[3] The Court notes Costco's argument that Plaintiff failed to comply with Local Rule 7-3 before filing this motion. *Opp*. 4:1–13. However, regardless of the sufficiency of Plaintiff's attempt to meet and confer, the Court must dismiss the case for lack of subject matter jurisdiction. *See Bell v. City of Kellogg*, 922 F.2d 1418, 1425 (9th Cir. 1991).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-2563 PSG (JCs) | Date | May 5, 2021 |
|---|---|---|---|
| Title | Eva Vazquez v. Costco Wholesale Corporation at el | | |

Although the Court has ultimately decided that Costco's removal lacks merit, the Court does not find that it was objectively unreasonable. The decision to remand reflects Costco's heavy burden to demonstrate fraudulent joinder at the pleading stage rather than a determination that removal was unreasonable. *See Salkin*, 767 F. Supp. 2d at 1065. Accordingly, the Court **DENIES** Plaintiff's request for attorneys' fees.

IV.  Conclusion

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion to remand and **REMANDS** the action to state court. The Court **DENIES** Plaintiff's request for attorneys' fees and costs. This order closes the case.

**IT IS SO ORDERED.**